141 Cal.App.3d 976 (1983)
192 Cal. Rptr. 152
Estate of BERTHA E. ROUNTREE, Deceased.
KENNETH CORY, as State Controller, Petitioner and Respondent,
v.
EDWARD T. ROUNTREE, Objector and Appellant.
Docket No. AO15209.
Court of Appeals of California, First District, Division Four.
January 26, 1983.
*977 COUNSEL
Stephen N. Wyckoff and Wyckoff, Miller, Ritchey, Shanle & Barthel for Objector and Appellant.
*978 Myron Siedorf, Edwin Rosenthal, William F. Seeley and Donald C. McKenzie for Petitioner and Respondent.
OPINION
POCHE, J.
Edward T. Rountree appeals from an order overruling his objections to the report of the inheritance tax referee and fixing the amount of inheritance tax due the State of California in the sum of $10,931.46. We affirm.

Facts
Bertha Rountree died testate on August 13, 1980, leaving her entire estate to her husband Edward. The report of the inheritance tax referee filed December 2, 1980, reflected that after certain exemptions and deductions, the taxable estate was $145,313.98, and the amount of inheritance tax due thereon was $10,931.46. Appellant objected on the ground that no inheritance taxes were due as a result of the enactment of Assembly Bill No. 2092. (Stats. 1980, ch. 634, §§ 1-46, pp. 1737-1760.) That statute materially changed the inheritance and gift tax laws in California and specifically exempted from inheritance taxation property transferred to a surviving spouse. (See Rev. & Tax. Code, § 13805, amended by Stats. 1980, ch. 634, § 15, p. 1747.)[1] The superior court, concluding that the operative date for the total exclusion was January 1, 1981, overruled appellant's objection.
This appeal follows.

Discussion

(1) The operative date of the provisions is January 1, 1981.

Assembly Bill No. 2092, approved July 19, 1980, materially changed the California inheritance and gift tax laws. (See Stats. 1980, ch. 634.)
Of particular import to the instant case are two provisions of the act: (1) the repeal of former Revenue and Taxation Code section 13551, which provided *979 that the decedent's interest in the community property assets was subject to inheritance tax (see Stats. 1980, ch. 634, § 3, p. 1747); and, (2) the amendment of Revenue and Taxation Code section 13805 (see fn. 1, ante) to exempt spousal transfers from inheritance tax, except in the situation where the spouse is given a limited power of appointment over the property.
Section 46 of the act provides: "This act provides for a tax levy within the meaning of Article IV of the Constitution and shall go into immediate effect. However, the provisions of this act with respect to the computation of inheritance taxes shall apply only to the estates of decedents dying on and after January 1, 1981, and with respect to the computation of gift taxes, shall apply only to gifts made on and after January 1, 1981. All other provisions of this act relating to probate procedure and tax administration and collection, shall apply to all estates, effective January 1, 1981." (Stats. 1980, ch. 634, § 46, p. 1760.)
Appellant contends that section 46 established the effective date of the legislation to be July 19, 1980. We agree. However, that pronouncement in section 46 is immediately followed by the comment: "the provisions of this act with respect to the computation of inheritance taxes shall apply only to the estates of decedents dying on and after January 1, 1981, ..." In other words, the act's provisions relating to the computation of inheritance taxes do not become operative until January 1, 1981.
Notwithstanding this clear language, appellant contends that the Legislature intended the repeal of section 13551 and the amendment of section 13805 to become operative immediately  i.e., on July 19, 1980. The same argument was considered and rejected by the Second District in Estate of Nicoletti (1982) 129 Cal. App.3d 475, 480-482 [181 Cal. Rptr. 137]. Nicoletti's analysis is persuasive.
The court properly overruled the objections to the inheritance tax referee's report.

(2a) The application of that operative date does not violate the mandate of article IV, section 8, subdivision (c)(2), of the California Constitution.

Appellant next contends that the January 1, 1981, operative date violates the mandate of article IV, section 8, subdivision (c)(2), of the California Constitution which provides: "... statutes providing for tax levies ... shall go into effect immediately upon their enactment." (See also Gov. Code, § 9600, subd. (b).)[2]
*980 Estate of Nicoletti, supra, 129 Cal. App.3d at pages 478-481, rejected the identical contention. Again, Nicoletti's reasoning is sound and is adopted by this court.
(3) It has long been recognized that a statute may legally be framed to provide for an effective date and an operative date. (County of Los Angeles v. Lamb (1882) 61 Cal. 196, 198; Cline v. Lewis (1917) 175 Cal. 315, 318 [165 P. 915]; Callahan v. City & County of S.F. (1945) 68 Cal. App.2d 286, 290 [156 P.2d 479]; People v. Hinojosa (1980) 103 Cal. App.3d 57, 61-62 [162 Cal. Rptr. 793]; People v. Henderson (1980) 107 Cal. App.3d 475, 488 [166 Cal. Rptr. 20]; see also 15 Ops.Cal.Atty.Gen. 30, 32 (1950); 26 Ops.Cal.Atty. Gen. 141, 143 (1955); 57 Ops.Cal.Atty.Gen. 451, 454 (1974).) In the usual situation, the effective date and the operative date are one and the same; however, the power to enact laws includes the power to fix a future date on which the act will become operative. (See 2 Sutherland, Statutory Construction (4th ed. 1973) § 33.07, pp. 11-12.)[3]
(2b) As noted in Nicoletti, the legislative intent was that the new provisions were to apply only to decedents dying on or after January 1, 1981. (Id., 129 Cal. App.3d at p. 480.)[4] In establishing that date, the Legislature did nothing to contravene article IV, section 8, subdivision (c)(2).
The order is affirmed.
Caldecott, P.J., and Sims, J.,[*] concurred.
NOTES
[1] As amended, Revenue and Taxation Code section 13805 provides: "None of the property transferred to the spouse of the decedent is subject to this part, except that if a limited power of appointment over any portion or all of the decedent's property is given to the spouse of the decedent, the value of such property is subject to this part; provided, however, that the value of any interest, other than the power itself, given to the spouse of the decedent in such property is not subject to this part."
[2] Government Code section 9600, subdivision (b) similarily provides that statutes providing for tax levies "shall go into effect immediately upon their enactment."
[3] The Legislature may provide for an operative date subsequent to the effective date of a statute to allow persons affected to become acquainted with and implement its provisions, as well as to give lead time to the governmental authorities to establish machinery for the operation of or implementation of the new law. (2 Sutherland, op. cit. supra, at p. 12.)
[4] As such, cases where the court has found the effective date to be controlling in order to give effect to the manifest legislative intent are distinguishable. (See Ross v. Board of Retirement (1949) 92 Cal. App.2d 188, 193 [206 P.2d 903]; Thurston v. County of Los Angeles (1953) 117 Cal. App.2d 618, 621 [256 P.2d 588]; Wilson v. Board of Retirement (1957) 156 Cal. App.2d 195, 205 [319 P.2d 426].)
[*] Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.