[No. H001555. Sixth Dist. May 12, 1986.]

TIRES UNLIMITED et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
ELENA GALVEZ et al., Real Parties in Interest.

**COUNSEL**

Thomas A. Branson, Harry A. Griffith III and Branson, Fitzgerald & Howard for Petitioners.

No appearance for Respondent.

Terry O'Reilly and Walkup, Shelby, Bastian, Melodia, Kelly & O'Reilly for Real Parties in Interest.

## OPINION

**AGLIANO, P. J.**—Tires Unlimited, a partnership, and Tires Unlimited, a partnership doing business as Tires Unlimited, defendants in the underlying civil action (named as two separate entities), seek a writ of mandate to compel the Santa Clara County Superior Court to vacate its order denying their motion to dismiss for untimely return of summons and to enter a new order granting the motion. Elena Galvez and Derek Quiroz, the real parties in interest and the plaintiffs in the suit, failed to return the summons within three years after filing their lawsuit, but did return it within 60 days following expiration of that three-year period.

The pivotal issue is whether former Code of Civil Procedure section 581a (repealed by Stats. 1984, ch. 1705, § 3) or Code of Civil Procedure[1] section 583.210 et seq., effective January 1, 1985 (enacted by Stats. 1984, ch. 1705, § 5), governed petitioners' motion to dismiss. We find that former section 581a controlled and the return was untimely and, therefore, direct issuance of the writ.

### PROCEDURAL HISTORY

On October 20, 1982, real parties filed a complaint to recover damages for personal injuries and wrongful death resulting from an automobile accident. The complaint was timely served upon petitioners as DOE defendants. The summons and proof of service were filed on November 13, 1985.

On November 19, 1985, petitioners requested and received by telephone an extension of time up to November 22, 1985, to respond to the complaint. By letter dated November 19, 1985, real parties' counsel confirmed the extension: "This will confirm my phone conversation with your secretary, Erna Jenkins, concerning your time for Answer in this case. Ms. Jenkins requested that we extend your time until Friday, November 22, 1985, and when I asked her about your intentions, as I understand that you had some difficulty with the question of return of summons, she indicated to me that this was time solely for the purpose of answering. Of course, under those circumstances I have no objection to continuing your time." The secretary for petitioners' counsel also confirmed the extension by letter as follows: "Confirming our telephone conversation of this date, an oral extension of time was granted to and including November 22, 1985 for the law offices of [petitioners' counsel] to file a responsive pleading to the Complaint in the above-captioned case."

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise specified.

On November 25, 1985, petitioners filed a motion to dismiss for failure ". . . to serve and return summons within three years of commencing the action." In support of their motion, petitioners filed the declaration of their attorney's secretary. She related the November 19th telephone conversation between herself and opposing counsel. She had first attempted to find out when the summons had been filed. However, real parties' counsel did not know that information. She then obtained an extension of time to respond and memorialized the agreement in a letter, a copy of which was attached to her declaration.

Petitioners' attorney also submitted his declaration. He recounted his unsuccessful attempts to reach real parties' counsel during the period of November 11 through November 15, 1985 for the purpose of learning when the summons had been filed. On November 19, 1985, he instructed his secretary to obtain from opposing counsel the filing date of the proof of service or an extension of time to respond or otherwise plead. He also acknowledged receiving from real parties' counsel the letter confirming an extension of time to answer, a copy of which was attached to his declaration.

In opposition to the motion, real parties submitted the declaration of the investigator employed to make service on their behalf. He stated: "The Summons and Proof of Service were filed with the Court on November 13, 1985, in accordance with the new code section, CCP Section 583.210. I was advised by a clerk of the Court and it was my understanding prior to making service and returning the Summons that the statute extended the time in which to return service to sixty days beyond three years after the filing of the original complaint and issuance of Summons."

By minute order dated December 26, 1985, the court denied the motion.

### DISCUSSION

The law regarding dismissal for delays in prosecution, including untimely return of summons, was revamped in 1984, effective January 1, 1985. (§ 583.110 et seq.) The revised law codifies, and in some respects modifies, judicially-recognized exceptions and excuses which had developed in the case law relating to the prior enactments.

Former section 581a required that the summons and complaint be served and return be made within three years after commencement of a suit.[2] The

---

[2]Former section 581a, subdivision (a), provided: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court

new statutory scheme provides a three-year period for service and an additional 60 days beyond that period for returning the summons or other proof of service. (§ 583.210.)[3]

The new law provides for a one-year phase-in of its provisions. (§ 583.160 and legislative committee comment thereto.) ▮ "It has long been recognized that a statute may legally be framed to provide for an effective date and an operative date. [Citations.] In the usual situation, the effective date and the operative date are one and the same; however, the power to enact laws includes the power to fix a future date on which the act will become operative. [Citation.]" (*Estate of Rountree* (1983) 141 Cal.App.3d 976, 980 [192 Cal.Rptr. 152].)

Section 583.160 sets forth the application of the new statutory scheme: "This chapter applies to a motion for dismissal made in an action commenced before, on, or after the effective date of this chapter, except that in the case of an action commenced before the effective date of this chapter: [¶] (a) A motion for dismissal made pursuant to notice given before, on, or within one year after the effective date of this chapter is governed by the applicable law in effect immediately before the effective date and for this purpose the law in effect immediately before the effective date continues in effect. [¶] (b) This chapter does not affect an order dismissing an action made before the effective date of this chapter."

▮ There is no dispute that the real parties commenced their action before section 583.110 et seq. was effective, real parties failed to return the summons within three years after they filed the complaint, and petitioners moved for a dismissal pursuant to notice given within one year after the effective date of the new law. Consequently, petitioners' dismissal motion fell squarely within the purview of subdivision (a) of section 583.160. Accordingly, the dismissal motion was governed by the "applicable law in effect immediately before the effective date," namely former section 581a.

---

in which the action shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of the action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action." (Stats. 1982, ch. 600, § 1, pp. 2574-2575.)

[3]Section 583.210 states: "(a) The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For purpose of this subdivision an action is commenced at the time the complaint is filed. [¶] (b) Return of summons or other proof of service shall be made within 60 days after the time the summons and complaint must be served upon a defendant." The time for service may be extended (§ 583.230) and certain periods must be excluded in computing the time within which service must be effected (§ 583.240).

The real parties attempt to avoid a dismissal by claiming the provisions of the new statute are confusing and unclear, in effect challenging the enactment on due process grounds. They complain that section 583.210, which prescribes the time for return of summons, did not alert them that former section 581a would determine the timeliness of their return if petitioners noticed a motion to dismiss during 1985. They also assert that the phrase "applicable law in effect immediately before the effective date" contained in section 583.160 is vague and question whether that language precludes consideration of case law handed down after January 1, 1985.

■ It is true that a statute requiring the doing of an act will not pass constitutional muster if persons of common intelligence must necessarily guess at its meaning and differ as to its application. (See *Cranston* v. *City of Richmond* (1985) 40 Cal.3d 755, 762-763 [221 Cal.Rptr. 779, 710 P.2d 845].) "However, reasonable certainty is all that is required. A statute will not be held void for vagueness if any reasonable and practical construction can be given its language . . . . [Citations.] A statute will be upheld if its terms may be made reasonably certain by reference to its legislative history or purpose. [Citations.]" (*In re Marriage of Walton* (1972) 28 Cal.App.3d 108, 116 [104 Cal.Rptr. 472].)

■ The meaning of the phrase "applicable law in effect immediately before the effective date" is plain on its face. Since section 583.160 addresses the operation of the new statutory provisions, logically this language refers to the prior provisions just repealed. Any case law interpreting the previous statute is pertinent.

As to the argument that section 583.210 is flawed because it failed to alert plaintiffs to the possible applicability of former section 581a, it is specious. ■ It is a cardinal rule of statutory construction that provisions of an act must be read together. "[T]he various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.]" (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230-231 [110 Cal.Rptr. 144, 514 P.2d 1224].) ■ Thus, real parties were not entitled to read section 583.210 in isolation and to ignore section 583.160, one of several provisions generally applicable to the entire enactment.

■ Real parties further argue that the trial court did not err in denying petitioners' dismissal motion, even assuming that former section 581a controls. Subdivision (a) of the former law provided an express exception to its service and return requirements when ". . . the party against whom the action is prosecuted has made a general appearance in the action." Courts

have deemed some acts, including extensions of time, to be a general appearance for purposes of this section.

In *Busching* v. *Superior Court* (1974) 12 Cal.3d 44 [115 Cal.Rptr. 241, 524 P.2d 369], service was effected after expiration of the three-year period. Immediately following service, the parties agreed to an extension of time to answer or otherwise plead. Our Supreme Court stated that a mere extension of time to plead cannot be deemed a general appearance since the defendant's purpose may be to obtain adequate time to determine whether to object to the jurisdiction of the court. (*Id.,* at p. 51.) It further commented that an extension of time for the purpose of obtaining legal representation or determining whether another entity will defend the suit does not indicate an intention to submit to the court's jurisdiction. (*Ibid.*) The court held that, in any event, a general appearance after the three-year period for service has elapsed does not deprive a defendant of his right to a dismissal for lack of prosecution. (*Id.,* at pp. 52-53.)

In *RCA Corp.* v. *Superior Court* (1975) 47 Cal.App.3d 1007, 1009 [121 Cal.Rptr. 441], the summons was served, but not returned, within three years. The court held that an unfiled written stipulation extending defendant's time "to appear" in the action to a date within the three-year period constituted a general appearance. In *General Ins. Co.* v. *Superior Court* (1975) 15 Cal.3d 449 [124 Cal.Rptr. 745, 541 P.2d 289], the Supreme Court concluded that a letter from defendant's counsel "accepting service" within the three-year period constituted a general appearance. (*Id.,* at pp. 453-454.) It stated: "A written stipulation between attorneys recognizing jurisdiction of the court over the parties constitutes a *general appearance* by defendant. [Citations.]" (*Id.,* at p. 453.)

In *Woodruff* v. *McDonald's Restaurants* (1977) 75 Cal.App.3d 655, 657 [142 Cal.Rptr. 367], the plaintiff failed to return the summons within three years. The court concluded an extension of time involving a non-attorney could not be deemed a general appearance. Therefore, it found a verbal agreement between the plaintiff's attorney and defendant's insurer, which provided defendant with an open extension of time to plead, terminable on 15 days notice, did not prevent a dismissal for untimely return of summons. (*Ibid.*)

*Knapp* v. *Superior Court* (1978) 79 Cal.App.3d 799 [145 Cal.Rptr. 154], disagreed with *Woodruff.* There, the plaintiff never returned the summons. Plaintiff's attorney and a representative of defendant's insurer verbally agreed before expiration of the three-year period to an open extension of time to plead, terminable on ten days notice. (*Id.,* at pp. 801-802.) The *Knapp* court impliedly found the agreement constituted a general appearance.

(*Id.*, at pp. 802-803.) It also relied on the doctrine of estoppel finding defendant, through a representative, had induced plaintiffs' attorney ". . . to overlook the return of service, by asking for the extension of time." (*Id.*, at p. 804.)

Recently, in *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 333 [216 Cal.Rptr. 718, 703 P.2d 58], our Supreme Court basically reiterated its earlier holding in *Busching* v. *Superior Court, supra,* 12 Cal.3d 44. It found that a stipulation extending time to plead or otherwise respond to a complaint cannot be considered a general appearance since defendant may be simply seeking time for determining whether to object to the court's jurisdiction. (*Id.*, at p. 333.) The court concluded that "[e]ven if entering into the stipulation could be deemed to constitute a general appearance, dismissal was nevertheless mandatory: 'a general appearance *after* the three years had run did not operate to deprive a defendant of his right to a dismissal . . . .' [Citation.]" (*Ibid.*)

Under this line of cases, it is conceivable that the trial court, looking at the letters exchanged by the parties and their declarations, concluded that the extension of time was granted for purposes of answering the real parties' complaint and, based on this factual finding, deemed petitioners to have made a general appearance. However, regardless of any such determination, it is undisputed that the extension of time occurred after expiration of the three-year period for service and return of summons. Petitioners correctly point out that under these circumstances, *Blank* v. *Kirwan, supra,* and *Busching* v. *Superior Court, supra,* mandate a dismissal.

■ Lastly, real parties assert that trial courts retain discretion to decline to dismiss notwithstanding the mandatory language of section 581a, citing *Courtney* v. *Abex Corp.* (1986) 176 Cal.App.3d 343, 347 [221 Cal.Rptr. 770]. Their reliance is misplaced.

In *Courtney* v. *Abex Corp., supra,* plaintiffs had timely returned a copy rather than the original summons, and later moved to file the original summons nunc pro tunc. (*Id.*, at p. 345.) The reviewing court held that plaintiffs had substantially complied with former section 581a. This holding comports with other cases upholding the sufficiency of a return under former section 581a where a timely-returned summons or proof of service is irregular in some immaterial way (cf., e.g., *Johnson & Johnson* v. *Superior Court* (1985) 38 Cal.3d 243, 254 [211 Cal.Rptr. 517, 695 P.2d 1058]; *M. Lowenstein & Sons, Inc.* v. *Superior Court* (1978) 80 Cal.App.3d 762, 771 [145 Cal.Rptr. 814] [disapproved on other grounds in *Johnson & Johnson* v. *Superior Court, supra,* at p. 254]), but is inapposite in this action since the return was untimely.

Furthermore, the dicta regarding discretion is derived from *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740-741 [329 P.2d 489], a foundation stone of the judicially-recognized exception where timely service is impossible, impracticable, or futile.[4] In that case, the defendant had concealed himself to avoid service during the last days of the three-year period. (*Id.,* at p. 741.) The court concluded that service only one week after expiration of the three-year period was sufficient. (*Ibid.*) Its acknowledgment of a "discretionary" power was necessary in the face of the seemingly mandatory language of an earlier version of section 581a.

Section 581a as it existed immediately prior to enactment of section 583.110 et seq. provided in subdivision (f): "Except as provided in this section, the provisions of this section are mandatory and are not excusable, and the times within which acts are to be done are jurisdictional. Compliance may be excused only for either of the following reasons: [¶] (1) Where the defendant or cross-defendant is estopped to complain. [¶] (2) Where it would be impossible, impracticable, or futile to comply due to causes beyond a party's control. However, failure to discover relevant facts or evidence shall not excuse compliance." (Stats. 1982, ch. 600, § 1, p. 2575.) We reject the suggestion that the trial court retained an inherent discretionary power not to dismiss notwithstanding this mandatory statutory language.[5]

Real parties have not shown themselves to come within any of the statutory exceptions. In the instant case, an estoppel could not arise from the extension of time since petitioners' request for or acceptance of an extension did not in any way induce the real parties not to timely return the summons within the statutory period. (Cf. *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 441-442 [96 Cal.Rptr. 571, 487 P.2d 1211] [defendant estopped from asserting untimely return of summons where plaintiff timely served a defective summons and defendant then requested an extension of time to answer beyond the three-year period].) Even assuming petitioners could have waived their right to a dismissal under former section 581a,[6] there is no basis for finding a waiver given the efforts of petitioners' counsel to

---

[4]This exception is now codified in section 583.240, subdivision (d).

[5]A recent case, *Serrano* v. *Safeway Stores, Inc.* ▌(Cal.App.), held that trial courts possess discretion not to dismiss an action for failure to return the summons within the three-year period prescribed by former section 581a in the interests of justice. We agree with the dissent that subdivision (f) of that section precludes such result.

[6]We note that "[n]othing in [the new statutory scheme] abrogates or otherwise affects the principles of waiver and estoppel." (§ 583.140.)

learn the date of the return and the prompt action to quash service. (Cf. *Synanon Foundation, Inc.* v. *County of Marin* (1982) 133 Cal.App.3d 607, 614-615 [184 Cal.Rptr. 129] [implied waiver of right to a dismissal for an untimely return of summons under an analogous Revenue and Taxation Code section].)

Let a peremptory writ of mandate issue directing the superior court to vacate its order denying petitioners' motion to quash summons and to enter an order granting the motion.

Brauer, J., and Chang, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.