[No. G004539. Fourth Dist., Div. Three. Feb. 28, 1990.]

BROOKVIEW CONDOMINIUM OWNERS' ASSOCIATION,
Plaintiff and Appellant, v.
HELTZER ENTERPRISES-BROOKVIEW et al., Defendants and
Respondents.

504

COUNSEL

Procopio, Cory, Hargreaves & Savitch, David A. Niddrie, Corona & Prager and Michael B. Sayre for Plaintiff and Appellant.

Cummings & Kemp, Thomas B. Cummings, Scott Whitcomb, Loeb & Loeb, Douglas E. Mirell, Robin Meadow, Bye & Piggott, George B. Piggot, Rigg & Dean, Howard Franco, Jr., Robert Parker Mills, Kathleen McCain, John Schroeder, Kelly W. Bixby, Herlihy & Herlihy, Ann V. Marsh, Barry H. Herlihy, Beam & Brobeck, Byron J. Beam, Kirk H. Nakamura, Wood, Ward & Garnett, Patrick E. Whelan, Howard, Moss, Loveder & Strickroth, Robert A. Walker, Allen & Flatt, Christian W. Wilbert, Martin & Stamp, Mark E. Petersen, Gunsaulus & Reed, Gerald Spala, James D. Reed, Kroll & Firestone, Charles C. Hunter and Gerald L. Kroll for Defendants and Respondents.

OPINION

**MOORE, J.**—Brookview Condominium Owners' Association (appellant) appeals the dismissal of its complaint against Heltzer Enterprises-Brookview (respondent or Heltzer Enterprises), for failure to serve the complaint within three years.[1] It is undisputed the complaint was not served within the required three-year time period. However, appellant contends the trial court committed reversible error by failing to find that Heltzer Enterprises made a general appearance, and by refusing to consider evidence of estoppel and waiver.

We hold the trial court did not abuse its discretion by dismissing the action, and affirm.

### PROCEDURAL HISTORY

On October 5, 1981, appellant, numerous condominium owners, filed a complaint to recover damages caused by defects in design or construction of their condominiums. The complaint named numerous entities as defendants, including one known as Heltzer Building Company.

---

[1] Under Code of Civil Procedure section 902, any aggrieved party may appeal, and any party adverse to the appellant is designated as a respondent. Here, although some of the respondents were defendants below, and others cross-defendants, inasmuch as all respondents have an identity of interest on this appeal, they are referred to collectively as either "Respondent" or "Heltzer Enterprises."

Respondent Heltzer Enterprises was not named in the complaint.

On November 8, 1982, appellant filed a first amended complaint, once again naming Heltzer Building Company and other entities, and omitting respondent.

In its answer to the first amended complaint, Heltzer Building Company denied it was the developer and general contractor of the condominium construction project.

In fact, Heltzer Building Company was not the developer or general contractor of the project. Indeed, Heltzer Building Company did not come into existence until nearly two and one-half years after the project was completed. Numerous publicly recorded documents indicate respondent was the project's owner and developer.

However, it was not until June 6, 1985, that appellant filed an amendment to the complaint, naming Heltzer Enterprises as Doe 1.

On October 21, 1985, Heltzer Enterprises and Heltzer Building Company filed a joint answer to the first amended complaint. Their answer denied either defendant was the project's developer or general contractor, and alleged improper use of the Doe statute as an affirmative defense. (Code Civ. Proc., § 474.)[2]

Thereafter, Heltzer Enterprises actively participated in pretrial discovery. Heltzer Enterprises participated in approximately 45 depositions—at least 7 of which it noticed—served and responded to numerous discovery requests, and filed a cross-complaint. Respondent also participated in a mandatory settlement conference, and joined with Heltzer Building Company in filing a motion to bifurcate and hold trial on special defenses not involving the merits.

Heltzer Enterprises filed a cross-complaint against several entities including Professional Community Management, Inc. (PCM). On June 6, 1986, PCM filed a motion to dismiss respondent's cross-complaint, asserting appellant's failure to serve the complaint within three years constituted a complete bar to any action appellant could maintain against Heltzer Enterprises, and thus the cross-complaint should be dismissed.

---

[2] All statutory references are to the Code of Civil Procedure unless otherwise specified.

Appellant voluntarily dismissed Heltzer Building Company from the action June 9, 1986.[3]

The remaining cross-defendants joined PCM's motion. Another cross-defendant, Ticor Properties Corporation, also filed a motion to dismiss appellant's complaint against Heltzer Enterprises, due to the failure to serve the complaint within three years.

Thereafter, Heltzer Enterprises filed its own motion for dismissal, based upon the failure to serve the complaint within three years, and also filed a joinder in Ticor's motion.

Appellant opposed the motions alleging, as it does on appeal, that Heltzer Enterprises entered a general appearance, and the doctrines of estoppel and waiver precluded application of the three-year service requirement.

After thorough argument, the trial court granted Ticor's motion to dismiss, dismissed the complaint as to Heltzer Enterprises, and denied appellant's subsequent motion for reconsideration.

DISCUSSION

I

SUMMARY

Appellant concedes the complaint was not served on Heltzer Enterprises until well after the three-year time period expired. (§§ 583.210, 583.250.)[4] Neither does it contend the time for service was tolled or extended by the provisions of Code of Civil Procedure sections 583.230 or 583.240.[5] Accord-

---

[3] After the lower court dismissed Heltzer Enterprises, appellant brought a motion to vacate its voluntary dismissal of Heltzer Building Company and to amend the complaint to add Heltzer Enterprises. That motion was denied. Appellant took no appeal from this ruling and it is now a final order.

[4] Section 583.210, subdivision (a), states: "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision an action is commenced at the time the complaint is filed."

Section 583.250 states: "(a) If service is not made in an action within the time prescribed in this article: [¶] (1) The action shall not be further prosecuted and no further proceedings shall be held in the action. [¶] (2) The action shall be dismissed by the court on its own motion or on motion of any person interested in the action, whether named as a party or not, after notice to the parties. [¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

[5] Section 583.230 provides in part: "The parties may extend the time within which service must be made pursuant to this article by the following means: [¶] (a) By written stipulation. . . . [¶] (b) By oral agreement made in open court, . . ."

Section 583.240 states: "In computing the time within which service must be made pursuant to this article, there shall be excluded the time during which any of the following condi-

ingly, the critical inquiry is whether dismissal of the action is precluded because Heltzer Enterprises made a general appearance or by applying the principles of estoppel or waiver. (§§ 583.220, 583.140.)[6]

Before discussing the appeal's merits, we consider several of appellant's arguments regarding the scope of review. First, citing *Hurtado* v. *Statewide Home Loan Co.* (1985) 167 Cal.App.3d 1019 [213 Cal.Rptr. 712], appellant suggests a motion to dismiss under section 583.110 et seq. is subject to plenary review on appeal. *Hurtado* was expressly disapproved by the Supreme Court in *Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 479, footnote 4 [243 Cal.Rptr. 902, 749 P.2d 339].

Second, appellant's reliance on our prior decisions in *Luti* v. *Graco, Inc.* (1985) 170 Cal.App.3d 228 [215 Cal.Rptr. 902] and *Troupe* v. *Courtney* (1985) 169 Cal.App.3d 930 [215 Cal.Rptr. 703] is misplaced. Those cases involved dismissals entered under the trial court's discretionary authority. Failure to serve the summons and complaint within three years mandates dismissal of the action unless one of the express statutory exceptions applies. (§ 583.250, subd. (b).) Case law creating implied exceptions to the statute of limitations is also inapposite. (*Tzolov* v. *International Jet Leasing, Inc.* (1989) 214 Cal.App.3d 325, 327 [262 Cal.Rptr. 606].)

## II

### GENERAL APPEARANCE

■ Section 583.220 provides an exception to the three-year time period for service where "the defendant enters into a stipulation in writing or does another act that constitutes a general appearance." Appellant contends Heltzer Enterprises' extensive participation in the lawsuit, after it was named and served as Doe 1, constituted a general appearance which bars dismissal. We disagree.

---

tions existed: [¶] (a) The defendant was not amenable to the process of the court. [¶] (b) The prosecution of the action or proceeding in the action was stayed and the stay affected service. [¶] (c) The validity of service was the subject of litigation by the parties. [¶] (d) Service, for any other reason, was impossible, impracticable, or futile due to causes beyond the plaintiff's control. Failure to discover relevant facts or evidence is not a cause beyond the plaintiff's control for the purpose of this subdivision."

[6]Section 583.220 provides in part: "The time within which service must be made pursuant to this article does not apply if the defendant enters into a stipulation in writing or does another act that constitutes a general appearance in the action. . . ."

Section 583.140 states: "Nothing in this chapter abrogates or otherwise affects the principles of waiver and estoppel."

To prevent dismissal, any claimed general appearance must have occurred within the mandatory three-year period. An appearance made thereafter does not deprive a defendant of his right to dismissal. (*Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 52 [115 Cal.Rptr. 241, 524 P.2d 369].) As the Supreme Court has continually held, even if Heltzer Enterprises' conduct could be deemed to be a general appearance, dismissal is mandatory because " 'a general appearance *after* the three years had run did not operate to deprive a defendant of his right to a dismissal . . . .' " (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 333 [216 Cal.Rptr. 718, 703 P.2d 58], quoting *Busching, supra,* 12 Cal.3d at p. 52, italics in original.)

Although *Busching* was decided under former section 581a, courts have consistently noted nothing in section 583.210 et seq. alters this result. (See, e.g., *Dale* v. *ITT Life Ins. Corp.* (1989) 207 Cal.App.3d 495, 499, fn. 4 [255 Cal.Rptr. 8]; *Tires Unlimited* v. *Superior Court* (1986) 180 Cal.App.3d 974, 982 [226 Cal.Rptr. 25]; *Mannesmann DeMag, Ltd.* v. *Superior Court* (1985) 172 Cal.App.3d 1118, 1125 [218 Cal.Rptr. 632].)

Given the continued validity of *Busching,* we are compelled to find that Heltzer Enterprises' participation in the lawsuit did not constitute a general appearance which deprived it of its right to dismissal. The record is devoid of any indication that respondent participated in any way in the lawsuit, or was even represented by counsel, prior to the filing of its answer, over four years after the filing of the original complaint.

The record does reflect that after filing its answer, Heltzer Enterprises, represented by the same counsel which represented Heltzer Building Company, participated in the lawsuit for some eight months, until the filing of its motion to dismiss. However, nothing indicates any action whatsoever by Heltzer Enterprises prior to the running of the three-year date. The evidence before the trial court disclosed no legal relationship between Heltzer Building Company and respondent herein. Appellant neither alleged an alter ego theory, nor presented facts to the lower court which would support such a theory.

The case of *Synanon Foundation, Inc.* v. *County of Marin* (1982) 133 Cal.App.3d 607 [184 Cal.Rptr. 129], relied upon by appellant, is inapposite. That case, as noted by respondent, predates the Supreme Court's opinion in *Blank* v. *Kirwan, supra,* 39 Cal.3d 311, as well as the Court of Appeal opinions in *Dale* v. *I.T.T. Ins. Corp., supra,* 207 Cal.App.3d 495, *Tires Unlimited* v. *Superior Court, supra,* 180 Cal.App.3d 974, and *Mannesmann DeMag Ltd.* v. *Superior Court, supra,* 172 Cal.App.3d 1118. In addition, *Synanon Foundation* dealt with a one-year service of summons requirement

and the dismissal scheme arising under Revenue and Taxation Code section 5147, which does not contain an exception for "general appearance." Moreover, the court in *Synanon Foundation* noted that "the mere entry of a general appearance after the statutory time limit has expired does not prevent a defendant from seeking dismissal," before proceeding to consider whether "remaining in the action and proceeding to litigate the merits" might preclude a defendant from seeking dismissal. (*Synanon Foundation, Inc.* v. *County of Marin, supra*, 133 Cal.App.3d at p. 614, fn. 7.)

Under the facts, and the law articulated in *Busching* and its progeny, the lower court correctly found that Heltzer Enterprises did not make a general appearance which deprived it of its right to a dismissal of the action.

## III

### ESTOPPEL

Appellant next argues that respondent was barred from seeking dismissal under the doctrine of equitable estoppel. (§ 583.140.)

■ The doctrine of equitable estoppel is applicable to motions to dismiss for failure to effectuate service within three years. (*Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 437-439 [96 Cal.Rptr. 571, 487 P.2d 1211].) "If a trial court finds statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception." (*Tejada* v. *Blas* (1987) 196 Cal.App.3d 1335, 1341 [242 Cal.Rptr. 538].)

■ Here, appellant concedes the determination of whether a defendant's conduct is sufficient to invoke the doctrine of equitable estoppel is a factual question entrusted to the trial court's discretion. (*Tresway Aero, Inc.* v. *Superior Court, supra*, 5 Cal.3d at p. 440; *Gray* v. *Firthe* (1987) 194 Cal.App.3d 202, 211 [239 Cal.Rptr. 389]; *Borglund* v. *Bombardier, Ltd.* (1981) 121 Cal.App.3d 276, 281-282 [175 Cal.Rptr. 150].) However, appellant contends the lower court committed reversible error by refusing to even consider appellant's evidence of estoppel.

That assertion is contradicted by the record.

The defenses of estoppel and waiver were thoroughly briefed and argued by the parties beginning with Ticor's initial motion to dismiss appellant's complaint against Heltzer Enterprises, and in appellant's motion for

reconsideration. At oral argument on Ticor's motion, the lower court indicated that "the main concern the court has is that I fail to see the estoppel." During oral argument of appellant's motion, the trial court specifically directed counsel to address the issues of waiver and estoppel, and counsel did so.

Because the lower court did consider appellant's estoppel claim, we consider whether the dismissal constituted an abuse of discretion. We may not substitute our decision for that of the trial court. The issue is not, as stated by appellant, whether consideration of appellant's evidence could reasonably have led the lower court to conclude respondent should be estopped from seeking dismissal. Rather, the issue is whether, viewing the evidence and all inferences therefrom in the light most favorable to respondent, there was substantial evidence upon which the court could reasonably have found as it did. (*Shamblin* v. *Brattain, supra,* 44 Cal.3d at pp. 478-479; *Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d p. 920, 925 [101 Cal.Rptr. 568, 496 P.2d 480].)

Appellant contends respondent hid behind "the corporate fiction of separateness", and that "[a]t all times during this litigation, the confusion with regard to the defendant responsible for [appellant's] problems has been created and perpetuated by *Heltzer Enterprises-Brookview.*" (Italics added.) The facts are otherwise. And, appellant concedes as much when it contends that the issue on appeal is "whether *Heltzer Building Co.*'s (*sic*) conduct supports application of estoppel principles . . . ." (Italics added.)

In this regard, in each of the cases cited by appellant which found estoppel to seek dismissal, the defendant had been timely served and had engaged in misleading or deceptive acts. (See, e.g., *Griffis* v. *S. S. Kresge Co.* (1984) 150 Cal.App.3d 491 [197 Cal.Rptr. 771] [defense counsel withheld information or was overtly false regarding statutory time period]; *Borglund* v. *Bombardier, Ltd., supra,* 121 Cal.App.3d 276 [defendant breached promise not to seek dismissal after statutory period]; *State Air Resources Bd.* v. *Superior Court* (1979) 93 Cal.App.3d 803 [155 Cal.Rptr. 726] [petitioner acknowledged service, then moved to dismiss for failure to serve attorney general]; *Tresway Aero, Inc.* v. *Superior Court, supra,* 5 Cal.3d 431 [defendant served with ineffective summons requested additional time to plead, resulting in plaintiff's failure to properly serve complaint within statutory period]; *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 [329 P.2d 489] [defendant's intentional concealment frustrated timely service].)[7]

---

[7] Equally inapposite are the so-called "misnomer" cases relied upon by appellant. In each of those cases, the plaintiff timely served the correct defendant, albeit by an incorrect name. Such an error, in view of the timely service, was deemed harmless. (See, e.g., *Kleinecke* v.

Here, the record contains no evidence whatsoever that respondent or its attorneys made any representations to appellant, or engaged in any conduct which lulled appellant "into a false sense of security resulting in inaction," prior to the running of the three-year date. (*Tejada* v. *Blas, supra,* 196 Cal.App.3d at p. 1341.) None of the facts reveal any action by respondent until June 6, 1985—more than three years after the filing of the complaint—when respondent "accepted service and filed a response." As previously noted, this action did not constitute a general appearance, nor a voluntary election to appear and litigate the action. Similarly, respondent simply engaged in no act which would estop it from seeking dismissal. (*Sanchez* v. *Superior Court* (1988) 203 Cal.App.3d 1391, 1400 [250 Cal.Rptr. 787].)

There was substantial evidence upon which the trial court could have found that respondent engaged in no act which misled appellant into failing to serve respondent prior to the running of the three-year date. Accordingly, the trial court did not abuse its discretion in finding that respondent was not estopped to seek dismissal.

## IV

### WAIVER

■ Finally, appellant contends Heltzer Enterprises, by extensively participating in the litigation after being served and before the filing of the motion to dismiss, voluntarily "elected to litigate the dispute," thereby waiving its right to have the action dismissed.

It is true Heltzer Enterprises participated in the action after it was named as Doe 1. Accordingly, we address the issue of whether respondent, although not timely served with the summons and complaint, nevertheless waived its right to seek dismissal, by participation in the action after the running of the three-year date.

■ Waiver refers to the act, or the consequences of the act, of one side only, while estoppel is applicable where the conduct of one side has induced the other to take such a position that it would be injured if the first should be permitted to repudiate its acts. (*Wilcox* v. *Ford* (1988) 206 Cal.App.3d 1170, 1179-1180 [254 Cal.Rptr. 138]; *Insurance Co. of the West* v. *Haralam-*

*Montecito Water Dist.* (1983) 147 Cal.App.3d 240 [195 Cal.Rptr. 58]; *Mayberry* v. *Coca Cola Bottling Co.* (1966) 244 Cal.App.2d 350 [53 Cal.Rptr. 317]; *Canifax* v. *Hercules Powder Co.* (1965) 237 Cal.App.2d 44 [46 Cal.Rptr. 552].) Such is not the case here, where appellant simply served, then voluntarily dismissed an improper defendant, while failing to timely serve the proper defendant.

*bos Beverage Co.* (1987) 195 Cal.App.3d 1308, 1320 at fn. 6 [241 Cal.Rptr. 427].)

To support a finding of waiver, there must be an existing right, benefit, or advantage, actual or constructive knowledge of the right's existence, and either an actual intention to relinquish it or conduct so inconsistent with any intent to enforce the right as to induce a reasonable belief that it has been relinquished. (*In re Marriage of Paboojian* (1987) 189 Cal.App.3d 1434, 1437 [235 Cal.Rptr. 65]; *Rubin* v. *Los Angeles Fed. Sav. & Loan Assn.* (1984) 159 Cal.App.3d 292, 298 [205 Cal.Rptr. 455].)

The waiver of a legal right cannot be established without a clear showing of intent to give up such right. (*Pacific Valley Bank* v. *Schwenke* (1987) 189 Cal.App.3d 134, 145 [234 Cal.Rptr. 298]). The burden is on the party claiming the waiver "to prove it by evidence that does not leave the matter doubtful or uncertain and the burden must be satisfied by clear and convincing evidence that does not leave the matter to speculation." (*In re Marriage of Vomacka* (1984) 36 Cal.3d 459, 469 [204 Cal.Rptr. 568, 683 P.2d 248].)

Whether there has been a waiver here is a question of fact to be determined in light of all the evidence. (*Howell* v. *Courtesy Chevrolet, Inc.* (1971) 16 Cal.App.3d 391, 405 [94 Cal.Rptr. 33]; *O'Connell* v. *Weitzman* (1959) 168 Cal.App.2d 400, 404 [336 P.2d 592].) As we have previously noted, the lower court did consider appellant's evidence of waiver.

The existence or nonexistence of a waiver involved issues of fact determined by the lower court. Where different inferences might fairly and reasonably have been drawn the choice made by the trial court, in the absence of an abuse of discretion, is binding on appeal. (*In re Marriage of Paboojian, supra,* 189 Cal.App.3d at pp. 1438-1439; *Rubin* v. *Los Angeles Fed. Sav. & Loan Assn., supra,* 159 Cal.App.3d at pp. 297-298.)

■■■ Appellant contends Heltzer Enterprises "voluntarily injected itself into the litigation," and cites *Synanon Foundation, Inc.* v. *City of Marin, supra,* 133 Cal.App.3d 607, for the proposition that dismissal statutes may be waived by voluntary actions indicating an intent to submit issues to trial on the merits. Assuming, without deciding, that a party not timely served with the summons and complaint may nevertheless waive its right to seek dismissal by filing an answer and participating in the litigation, the trial court did not abuse its discretion in finding no waiver by Heltzer Enterprises in the instant case.

Respondent did not engage in any act which misled appellant into failing to timely serve the summons and complaint, and was under no duty to inform appellant that it had not been timely served and was not waiving its right to dismissal. (*Sanchez* v. *Superior Court, supra*, 203 Cal.App.3d at p. 1400; *Lesko* v. *Superior Court* (1982) 127 Cal.App.3d 476, 486 [179 Cal.Rptr. 595].) Here, respondent simply did not engage in any act which led appellant to believe the time for service had been tolled.

*Tresway Aero, Inc.* v. *Superior Court, supra*, 5 Cal.3d 431, relied upon by appellant, is distinguishable in that the court was addressing estoppel, not waiver. There, the defendant knew service was defective, but requested and received an extension to answer, fully aware that the extension would expire beyond the three-year period. Instead of answering, he moved to dismiss. The court found defendant's conduct to be a deliberate maneuver calculated to mislead plaintiff into believing service had been accomplished, and held that defendant was estopped to seek dismissal. (*Id.* at pp. 440-442.)

In the instant case, respondent engaged in no such conduct. Indeed, as the trial court properly found, respondent engaged in no conduct at all until after the running of the three-year period.

Appellant suggests respondent waived its right to dismissal by waiting until two months before trial—and until after appellant voluntarily dismissed Heltzer Building Company—to seek dismissal. In light of the facts that respondent neither caused appellant to delay service, nor to believe it was waiving its right to seek dismissal, we disagree.

We do not, by our decision, condone protracted and unnecessary litigation. However, any injury caused by Heltzer Enterprises' decision to continue participating in the litigation would have been suffered by Heltzer Enterprises, in the form of increased attorney's fees and costs. Here, appellant made no showing that it was prejudiced in any way by Heltzer Enterprises' continued participation in the litigation.

There was substantial evidence upon which the trial court could have found that appellant was not misled, and did not hold any honest belief that Heltzer Enterprises intended to waive its right to assert the untimeliness of service. We reemphasize it was appellant's burden to establish waiver. On appeal, the substantial evidence rule must be applied, and we must consider the evidence in the light most favorable to the prevailing party. (*Rubin* v. *Los Angeles Fed. Sav. & Loan Assn., supra*, 159 Cal.App.3d at p. 298.)

The orders dismissing the complaint and denying the motion to vacate and set aside that dismissal are affirmed.

Respondents shall recover costs on appeal.

Sonenshine, J., concurred.

**WALLIN, Acting P. J.**—I concur in the result only.

Plaintiff Brookview Condominium Owners' Association did not serve the summons and complaint on defendant and respondent Heltzer Enterprises-Brookview (Enterprises) within three-years after filing suit. In this court Brookview contends Enterprises made a general appearance before its motion to dismiss and therefore cannot assert the bar of the three-year statute. As the lead opinion states, a general appearance after an untimely service does not affect a defendant's right to dismissal. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 333 [216 Cal.Rptr. 718, 703 P.2d 58]; *Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 52 [115 Cal.Rptr. 241, 524 P.2d 369]; *Dale* v. *ITT Life Ins. Corp.* (1989) 207 Cal.App.3d 495, 499, fn. 4 [255 Cal.Rptr. 8]; *Tires Unlimited* v. *Superior Court* (1986) 180 Cal.App.3d 974, 982 [226 Cal.Rptr. 25]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (Rutter 1989) §§ 11:73-11:75, p. 11-27.)

Brookview's primary contention is that Enterprises' conduct after its general appearance estopped it from claiming the protection of the statute. The trial court considered, and rejected, this argument and I agree with the lead opinion that this was not an abuse of discretion.

Of course, deciding it was not an abuse of discretion necessarily implies the view that a defendant who not only makes a general appearance, but also actively involves itself in a lawsuit for an extended period of time may be deemed estopped from claiming the right to a dismissal. Here Enterprises chose, for reasons not clear in the record, to answer the complaint, cross-complain against new parties, and aggressively involve itself in the discovery process. In considering whether this conduct amounted to an estoppel, the trial court correctly assumed that it had the discretion to deny the motion to dismiss.

No reported cases discuss what conduct after an untimely service is sufficient to estop a defendant from obtaining a dismissal. While the trial court's ruling renders it unnecessary to determine what conduct bars assertion of the statute, this case comes perilously close to the line. Certainly a defendant who wants to waive the statutory protection and proceed with the litigation, despite the late service, is free to do so. Had Enterprises begun the trial it would be estopped from seeking the protection of the

statute. What conduct short of trying the case constitutes a waiver or estoppel is a question for another day.

A petition for a rehearing was denied March 28, 1990.