Filed 2/24/14  Herrera v. A&P Auto Sales CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CARLOS HERRERA, | |
| Plaintiff and Appellant, | G048290 |
| v. | (Super. Ct. No. 30-2011-00522752) |
| A&P AUTO SALES et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a postjudgment order of the Superior Court of Orange County, David R. Chaffee, Judge.  Affirmed.

Liberty & Associates, Louis A. Liberty and Ian Otto for Plaintiff and Appellant.

Law Offices of Kevin O'Connell & Associates, Kevin O'Connell and Heather Duro for Defendants and Respondents A&P Auto Sales and Paul Nguyen.

Coleman & Horowitt, Darryl J. Horowitt and Jennifer T. Poochigian for Defendant and Respondent Wells Fargo Dealer Services.

Carlos Herrera appeals from the trial court's order denying his attorney fees motion. He asserts the terms of a settlement agreement he reached with A&P Auto Sales (A&P), its owner Paul Nguyen, and Wells Fargo Bank (WFB), permitted him to file a motion for attorney fees after the case was dismissed. He complains the court erred in interpreting Herrera's express waiver of fees, contained in his request for dismissal of the case, as grounds to deny his subsequent motion for attorney fees. We find the contention lacks merit and affirm the postjudgment order.

I

Because the appeal does not concern the underlying lawsuit, our summary of the facts need not be detailed. Suffice it to say, Herrera purchased a severely frame damaged 2006 Toyota Tundra from a used car dealership (A&P), and obtained financing from WFB. Herrera filed a lawsuit after he discovered A&P concealed the vehicle had been in an accident, the twisted frame needed to be replaced, the vehicle was a total loss, and it was unsafe to be operated on the public road.

Before trial. the parties reached an agreement to settle the dispute. On November 24, 2012, A&P, Nguyen, and WFB entered into a settlement agreement (the Agreement) with Herrera, containing the following provisions: In the "recitals" section, the parties stated the defendants "deny each of the allegations" alleged in the complaint. It also noted Herrera was seeking the identity of 16 owners of vehicles purchased from A&P.

In the Agreement, the parties stated they desired to resolve their dispute "in the interest of avoiding the adverse cost, expense and publicity of litigation." However, the Agreement also specified, "This agreement shall not be treated as an admission of liability or wrongdoing by any party, its subsidiaries or affiliates, or any directors, officers, agents, employees, or attorneys thereof, or any of them."

As part of the Agreement, Herrera received rescission damages ($7,110.70) and A&P paid off WFB's lien ($11,104.74). A&P agreed to, "Stipulate to an injunction

pursuant to which [A&P] will agree to abide by all laws and regulations relating to the advertising of used vehicles, including, but not limited to AB1215 and disclosure of frame damage, in all future vehicle[] sales and advertising."

Herrera agreed to, "Waive any and all claims he may have against [A&P, Nguyen, and WFB], save and except [Herrera's] claim to reimbursement of attorney[] fees and costs; [¶] . . . [¶] . . . [and] cause to be filed with the Orange County Superior Court, a [r]equest for [d]ismissal, with prejudice" of the action.

With respect to the issue of attorney fees, the parties agreed the prevailing party in any action brought to enforce or interpret the terms of the Agreement would be entitled to recover attorney fees and costs. In addition, the parties clarified, "Nothing contained herein shall constitute a determination that either party is the 'prevailing party' as such term is defined in Code of Civil Procedure section 1032[, subdivision] (a)(4). Notwithstanding this fact, [Herrera] may, at his option, file a motion for attorney[] fees within the statutory time set forth in California Rules of Court, [r]ule 3.1702; [WFB] agrees it will not seek recovery of attorney[] fees. In the event such motion is filed, [A&P, Nguyen, and WFB] may, at their option, oppose any such motion on all grounds available to them. [¶] [] The parties agree that notwithstanding the dismissal that may be filed . . . the [c]ourt shall retain jurisdiction to hear any motion for attorney[] fees that is timely filed, as contemplated herein."

As contemplated by the Agreement, Herrera filed a request for dismissal after being paid the agreed upon damages. On December 17, 2012, Herrera filed Judicial Council form CIV-110, requesting the action be dismissed. Herrera checked three boxes on the form. He checked box number "1" indicating the matter should be dismissed with prejudice. He checked box number "5" stating the request was for dismissal of all the parties and all causes of action. He also checked box number "6" titled "Other *(specify)*[.]" Here, Herrera added the typewritten sentence, "Each party to bear their own attorney[] fees and costs[.]"

3

Approximately one month later, Herrera filed a motion seeking an award of attorney fees, arguing he was the prevailing party. His counsel, Louis Liberty, filed a supporting declaration, stating, "I am seeking $79,734.50 for hours worked and am asking for a multiplier of 2.0 for a total demand, exclusive of costs of $159,469.00 and a cost reimbursement of $12,847.20. The total request is $172,316.20."

A&P and Nguyen filed an opposition, arguing the following points: (1) the Agreement states there was no prevailing party in the action; (2) the motion was untimely; (3) an earlier rejected settlement offer in 2011 barred recovery of attorney fees; (4) counsel engaged in fraudulent conduct; and (5) the fees sought were not reasonable. They also filed a motion to strike or tax costs, essentially raising the same arguments. Herrera filed a reply and opposed the motion to strike or tax costs. He also filed evidentiary objections.

WFB also filed an opposition to the motion seeking attorney fees and costs. It argued the motion was "improper" in light of Herrera's request for dismissal that expressly stated each party must bear their own attorney fees and costs. WFB argued the motion to recover fees and costs "are thus contrary to the dismissal, which is a court order that [Herrera] is bound by and controls here." In addition, WFB argued the motion was untimely filed and served, Herrera was not the prevailing party in the action, there was no basis for the award of fees against WFB, and Herrera failed to establish the fees requested were reasonable. WFB noted Herrera failed to timely serve a memorandum of costs. WFB separately filed objections to Liberty's declaration.

The court considered oral argument as well as several supplemental declarations. On the record, the court stated, "[I]t pains me to say this, but I think this is one of those unfortunate life lessons. The paper filed with the court on December 17 is clear enough that each party thereby agrees to bear their own attorney[] fees and costs. That supersedes the language of the Agreement of November 24."

4

On March 15, 2013, the court filed a minute order stating it rejected Herrera's argument "that it is clear from other terms in the settlement agreement that the parties intended that [Herrera's] right to attorney[] fees would survive execution of the settlement agreement . . . [and] therefore . . . [the] argument regarding waiver is inequitable." The court explained the Agreement's paragraph regarding attorney fees contained "no requirement for [Herrera] to include a fee-and-cost-waiving clause in the request for dismissal." The court noted there were other problems and irregularities with the motion for fees and costs, however, the court did not consider them in light of Herrera's waiver. The court denied the motion for attorney fees and costs and granted A&P and Nguyen's motion to strike the request for costs.

II

*A. Application of Waiver Doctrine*

Herrera first argues the trial court wrongly implied from his dismissal request that he intended to waive his right to seek attorney fees. In other words, Herrera asserts the court erred by applying the legal doctrine of waiver. He cites case authority setting forth the general rule that a waiver can only be found when there is an "intentional relinquishment of a known right," and there must be "clear and convincing evidence" of a waiver. (Citing *Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 31; *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Café & Takeout III, Ltd.* (1994) 30 Cal.App.4th 54, 60 (*DRG*); *Brookview Condominium Owners' Assn.* (1990) 218 Cal.App.3d 502, 513.) He concludes the court erred because there is no evidence of intent to waive his right to seek reimbursement of attorney fees because the Agreement establishes a contrary intent. He is wrong.

"All case law on the subject of waiver is unequivocal: '"Waiver always rests upon intent. Waiver is the intentional relinquishment of a known right after knowledge of the facts. [Citations]. The burden, moreover, is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the

5

matter to speculation, and "doubtful cases will be decided against a waiver."' [Citations.]" (*DRG, supra,* 30 Cal.App.4th at p. 60.)

Herrera asserts the parties' intent regarding attorney fees is clearly demonstrated in the language of the Agreement. He focuses on two sections of the Agreement. First, there is the paragraph stating Herrera agreed to waive all claims "except" his claim for reimbursement of attorney fees and costs. Second, the parties agreed the court would retain jurisdiction following the dismissal "to hear any motion for attorney[] fees." We agree it clearly can be inferred from these two provisions that Herrera intended to file a motion for attorney fees when he executed the Agreement.

But this was not all the evidence contained in the Agreement regarding the parties' intent. Herrera's right to file a motion seeking reimbursement of attorney fees was not supported by any written guarantees the motion would be successful. To the contrary, the Agreement expressly provided there was no admission of liability and no determination "that either party" was the prevailing party. More importantly, the Agreement stated "notwithstanding" the lack of a determination of a prevailing party, Herrera "may, at [his] option" file a motion seeking reimbursement for attorney fees. Thus, the Agreement merely gave Herrera the choice to file a postjudgment motion with the burden of having to convince the court he was the prevailing party entitled to fees.

The provisions cited by Herrera support this interpretation. Those provisions simply insured Herrera would not be restricted in the future from attempting to recover attorney fees, and the court would retain jurisdiction if Herrera decided to file a postjudgment motion. The Agreement also contemplated that if Herrera decided to seek fees, his motion could be vigorously opposed, providing, "In the event such a motion is filed, Defendants may, at their option oppose any such motion on all grounds available to them."

Based on all the relevant provisions contained in the Agreement (and not just the two sentences cited by Herrera) we can infer the parties disputed the issue of

6

attorney fees and merely agreed to have the matter resolved by the trial court at a later date. It is important to recognize the Agreement did not mandate resolution of this dispute. Rather the parties intended to give Herrera *the future option* of filing a motion. Because A&P and Nguyen refused to admit liability or concede Herrera was the prevailing party, it was uncertain whether Herrera would expend the money and resources to pursue the motion. Thus, contrary to Herrera's argument, the only intent that can be inferred from the Agreement is the intent to delay resolution of the attorney fees dispute.

After executing the Agreement, Herrera filed a request to dismiss the entire action and his counsel inserted the text "[e]ach party to bear their own attorney[] fees and costs." As noted by the trial court, the Agreement did not mandate this language be added. By its clear and ordinary meaning, the language in the dismissal request indicated there would be no motion for attorney fees. The trial court could reasonably interpret Herrera's actions and statement as abandoning any prior intent to seek fees and an express waiver of this right.

Without supporting authority, Herrera maintains parties "commonly and routinely" add this language to CIV-110 forms. Even if this were true, Herrera does not assert "routine" was the reason he voluntarily inserted this language onto the pre-printed form. Indeed, he offers no explanation as to why the language was included. His observation such language is commonly used seems to suggest Herrera perhaps made a mistake by including the waiver and he never intended to pay his own attorney fees. However, if Herrera believed he made a mistake, or there was a clerical error, he could have petitioned the trial court to set aside or modify the dismissal. But he did not do so. Consequently, the trial court had no reason to assume Herrera did not intend to comply with or abide to what he *intentionally and voluntarily* submitted to the court.

Thus, contrary to Herrera's contention on appeal, the Agreement is not the sole measure of his intent. To accept this theory we would be required to rewrite the Agreement. Specifically, we would have to modify the provision giving Herrera *the option* of filing a motion for attorney fees to a provision mandating that Herrera *shall* file a motion for attorney fees after the case's dismissal, and the trial court *shall* determine this disputed issue. This we cannot do. (*Kwok v. Transnation Title Ins. Co.* (2009) 170 Cal.App.4th 1562, 1571 ["'[W]e do not rewrite any provision of any contract . . . for any purpose'"].)

Simply stated, the Agreement gave Herrera a provisional right to seek attorney fees, and required further action on Herrera's part. For this reason, Herrera's right could be waived by subsequent contradictory actions or words. For example, after receiving the settlement money Herrera could have let the time pass for filing a motion seeking fees. He could have informed the court he had a change of heart and no longer wished to pursue a fee motion. This could have been accomplished orally in court, or by what occurred in this case—Herrera submitted to the court a request to dismiss the case in which he also expressly agreed to bear his own fees and costs. We conclude the trial court correctly recognized Herrera's request for dismissal contained an express waiver, and qualified as a "intentional relinquishment of a known right." (*DRG, supra,* 30 Cal.App.4th at p. 60.) We find no error in the court's legal determination that the dismissal, which Herrera never claimed was filed by mistake, was an express waiver of his right to later petition for the reimbursement of fees.

B. *No Modification*

Herrera argues the trial court erred in holding the request for dismissal superseded or modified the terms of the Agreement. He states that under basic rules of contract interpretation, the court could not ignore the Agreement's provision mandating any modification be in writing and signed by "all parties." This contention misconstrues the court's ruling and the record.

8

There is no evidence suggesting the court ruled the Agreement was modified. The court's tentative ruling, the reporter's transcript of the hearing, and the minute order do not contain any language from which it can be inferred the court applied the legal theory of contract modification. We recognize that at one point the court stated the waiver *superseded* the Agreement. However, the court was referring to the timing of the waiver. Specifically, rights outlined in the Agreement were contradicted and superseded by a subsequent express waiver. We have carefully reviewed the record, and it clearly shows the trial court applied and relied only on the legal doctrine of waiver when making its ruling.

III

The postjudgment order is affirmed. Respondents shall recover their costs on appeal.

O'LEARY, P. J.

WE CONCUR:

RYLAARSDAM, J.

THOMPSON, J.

9