Opinion
McDANIEL, J.*
Plaintiff has appealed from the order of April 20, 1989, granting defendant Anthony Van Diest’s motion to dismiss brought under sections 583.210 and 583.250 of the Code of Civil Procedure. The order of April 20, 1989, is a nonappealable order. The actual judgment of dismissal was ordered May 5, 1989, and so we shall deem the appeal to have been taken from the judgment.
One of the grounds for dismissal in the cited statutes is failure to return the summons within three years and sixty days after commencement of the action. Here, plaintiff failed to comply with the statutory requirement, and so the trial court properly granted defendant’s motion to dismiss. Accordingly, we shall affirm the judgment.
*298 Synopsis of Trial Court Proceedings
Plaintiff’s action for personal injuries was filed December 10, 1984. As originally drawn, the complaint named only Does 1 to 20 as defendants. On September 28, 1987, plaintiff filed an amendment to his complaint, identifying Doe 9 as “Anthony Van Diest Contracting.” On October 14, 1987, plaintiff filed another amendment to his complaint, identifying Doe 10 as “Anthony Van Diest, individually, as dba Anthony Van Diest Contracting.” Defendant was then served as Doe 10 on October 23, 1987; however, the summons was not returned to the court until more than a year later, i.e., on October 28, 1988. Thus, the return of the summons to the issuing court was accomplished three years and ten months after the summons was issued.
With these the extrinsic, observable facts, defendant moved, under section 583.250 of the Code of Civil Procedure, for an order of dismissal for failure to comply with section 583.210 of the Code of Civil Procedure (hereafter section 583.210), as above noted. In his opposition to the motion, plaintiff argued that he had “substantially complied” with the statute. The motion was granted, and a formal judgment of dismissal was later entered. As earlier observed, although plaintiff has undertaken to appeal from the minute order of April 20, 1989, we shall treat the appeal as having been taken from the judgment of dismissal filed May 5, 1989.
Discussion
In pursuing his appeal, plaintiff makes a novel argument. In assigning the dismissal of his action as error, he argues, because defendant made a general appearance in the action three years and forty-six days after the summons was issued, “the Trial Court erred by failing to consider that the time within which service must be made pursuant to C.C.P., Section 583.210 did not apply if the defendant: [¶] ‘did an act that constituted a general appearance in the action.’ C.C.P., Section 583.220.” Accordingly, as further argued by plaintiff, because the court had acquired jurisdiction of defendant before the three years and sixty days prescribed by section 583.210 had elapsed, its provisions were no longer mandatory as to plaintiff.
Plaintiff, however, fails to cite any authority that construes Code of Civil Procedure section 583.220 (hereafter section 583.220) with reference to the subject of in personam jurisdiction. More particularly, plaintiff cites no authority to support his position, which amounts to saying, “Once defendant makes a general appearance, plaintiff is relieved of any necessity to file the summons within 3 years and 60 days of its issuance.”
Our reading of the dissent has led to our interpreting it as adopting the rationale just recited. Such position, in our view, begs the question presented by this appeal.
*299 Responding to such argument, reliance upon the subdivision (f) language of Code of Civil Procedure section 583.110 (hereafter section 583.110), purporting to define “service,” ignores the effect of the qualifying phrase “as used in this chapter unless the provision in context otherwise requires. . . .” (Italics added.)
Section 583.210, subdivision (a) states that the summons and complaint shall be served upon the defendant within three years after the action is commenced. We decline to assume that the Legislature, in the next subdivision, (b), would then intend that it did not really mean what it said in subdivision (a), and to intend instead to mean three years and sixty days. The more appropriate interpretation, and one which harmonizes the legislative intent implicit in section 583.210, recognizes that the summons and complaint shall be served within three years, but, in the event that the defendant is not served until the waning days of the three-year period, that the plaintiff has sixty days to return the proof of the notice of the lawsuit to the court. This interpretation is recognized by the wording in subdivision (b), “return of summons or other proof of service shall be made within 60 days after the time the summons and complaint must be served upon a defendant.” (Italics added.) In our view, it is readily apparent from this language that the Legislature simply provided that the notice of the lawsuit could be filed 60 days after the 3-year period had run within which service must be accomplished.
Section 583.220 recites that the time within which service must be made does not apply if there is a stipulation in writing or if some other act occurs constituting a general appearance in the action. This language of the statute recognizes that a defendant, without service upon him of the complaint and/or summons, may have knowledge of the lawsuit and file an answer or other pleading constituting a general appearance in the action before the three-year period has elapsed. In such case, where a general appearance has been made before the three-year period, service of summons and complaint is not a determinative factor of notice and the defendant’s participation in the lawsuit. Section 583.220 is no more than a statutory recognition of that circumstance.
In short, the answer here was not filed until January 15, 1988, and thus it did not qualify under the statutory limitation as a general appearance because it was not filed before the three-year statutory mandate of section 583.210, subdivision (a).
Turning to a further rationalization of our proposed affirmance, section 583.210, subdivision (b) was added by amendment in 1984. The previous statute required both the service of summons and its return within three *300 years. In 1984, the Legislature amended this section and renumbered the statutory scheme.
The new statute, section 583.210, retained the requirement that the summons be served within three years of the filing of the original complaint. The amendment added the provision that the return of the summons must be accomplished within an additional 60 days.
Accordingly, the Legislature gave full force to and restated the three-year period within which to serve the complaint. In other words, it required a plaintiff to serve the complaint up to the final day of three years and provided an additional sixty days to return the summons to the court in order to avoid his adversary’s effort to force a dismissal for delay in prosecution.
The court’s role is to interpret the statute to achieve the objectives of the Legislature. (Standard Fruit and Steamship Co. v. Metropolitan Stevedore Co. (1975) 52 Cal.App.3d 305, 310 [125 Cal.Rptr. 111].)
Judicial interpretation is to give effect to the legislative acts, rather than to render those acts without effect. (Kaiser Land and Fruit Co. v. Curry (1909) 155 Cal. 638, 647 [103 P. 341].)
Here, the predecessor statute, Code of Civil Procedure section 581a, required both service and return of summons within three years. The 1984 amendment provided an additional 60 days for plaintiffs to return the summons to the court.
To interpret the 60-day extension established by the legislative enactment of section 583.210, subdivision (b) to require anything other than the mandatory return established by the straightforward wording of the statute would render the amendment meaningless.
If the Legislature had intended the outcome plaintiff suggests, it would have removed the requirement for return of the summons altogether.
The Legislature did not do so. The Legislature chose instead to add 60 days. It chose to use the word “shall” when establishing the 60-day extension on the time to return the summons. It knowingly used mandatory language.
There is only one outcome that could logically be interpreted as a legislative intent. That is, that the court must dismiss any action where the *301 summons is not returned within the three-year and sixty-day time period set forth within section 583.210.
Going back to plaintiff’s reliance upon section 583.220 that the “time within which service must be made pursuant to this article does not apply if the defendant . . . [makes] a general appearance in the action,” (italics added) it is suggested that when such provision is read, along with subdivision (f) of section 583.110, which states, “‘service’ includes return of summons,” plaintiff should have prevailed against the dismissal motion because defendant’s general appearance was made before “service” was effected. More particularly, this is so, as the suggestion goes, because “service” had been perfected within three years and sixty days. In sum, as the suggestion argues, because defendant made a personal appearance in the litigation within three years and forty-six days of the filing of the complaint, plaintiff was relieved from the need to comply with section 583.210, subdivision (b), i.e., there was no need here to return the summons within three years and sixty days, if at all.
Such suggestion is contravened by Busching v. Superior Court (1974) 12 Cal.3d 44 [115 Cal.Rptr. 241, 524 P.2d 369]. That case dealt with a motion to dismiss brought under former section 581(a) of the Code of Civil Procedure, the predecessor of subdivision (a) of section 583.210 and section 583.220. In this context, Busching announced that, “a general appearance after the three years had run did not operate to deprive a defendant of his right to a dismissal [citations] . . . .” (Id., at p. 52.)
Such holding covers what happened here. Defendant made a general appearance after the three-year period within which service had to be made, and so defendant was not “deprived” of his right to insist on compliance with the return of service requirement.
From one perspective, there is perhaps a contradiction in the statutory scheme represented by the combination of these sections. In our view, it makes no sense, given the language of section 583.210, subdivision (a), requiring service within three years, to then say, by combining the language of section 583.110, subdivision (f) and section 583.210, subdivision (b), that service actually can be accomplished within three years and sixty days, with the result that a general appearance by defendant before the lapse of three years and sixty days lets plaintiff off the hook in terms of complying with the requirement of returning the summons within the period noted.
Accordingly, we shall apply the rule recited in Busching because plaintiff has provided us with no reason, let alone authority, as to why we should not. *302 In sum, as the appealing party, plaintiff has the burden to demonstrate error; he has not done so.
Otherwise, it is of no comfort to plaintiff that defendant was not identified until October 14, 1987. As to him, the doctrine of relation back pegs the beginning date for application of section 583.210 as the date on which the original summons issued, i.e., December 10, 1984. (See Lesko v. Superior Court (1982) 127 Cal.App.3d 476, 481-482 [179 Cal.Rptr. 595].)
In sum, plaintiff has wholly failed to demonstrate any error in the trial court’s order of dismissal.
Disposition
The order of dismissal is affirmed.
Dabney, Acting R J., concurred.

Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.