[No. A050402. First Dist., Div. Three. July 29, 1991.]

WILLIE WONG, Plaintiff and Appellant, v.
ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants and
Respondents.

## COUNSEL

Casey, Gerry, Casey, Westbrook, Reed & Hughes, Frederick Schenk and Richard A. Brody for Plaintiff and Appellant.

Shield & Smith, J. Lawrence Judy, Daniel P. White, Morgenstein & Jubelirer and Jeffrey R. Williams, for Defendants and Respondents.

## OPINION

**MERRILL, J.**—In this case we decide that failure of a plaintiff to make a return of summons or other proof of service within three years and sixty days after filing a complaint does not mandate dismissal of the action if the defendant made a general appearance within that time period. (Code Civ. Proc., §§ 583.210, subd. (b), 583.220, 583.250.)[1]

### PROCEDURAL BACKGROUND

On August 1, 1986, Appellant Willie Wong filed a personal injury action for exposure to asbestos against respondents Armstrong World Industries, Inc., Certainteed Corporation, Flexitallic, Inc., GAF Corporation, Keene Building Products Corporation, Keene Corporation, National Gypsum

---

[1] All further statutory reference is to the Code of Civil Procedure unless otherwise indicated.

Company and United States Gypsum Company and others. By July 27, 1989, all respondents had been served with the summons and complaint. Respondents filed answers to the complaint on August 25, 1989.

Respondents moved to dismiss Wong's action on May 16, 1990, alleging that dismissal was mandated by section 583.250 as Wong failed to return the summons within three years and sixty days of the filing of the action. Wong filed the return of summons on June 8, 1990. Respondents' motion to dismiss the complaint was granted on July 11, 1990, after which judgment was entered in their favor. Wong appeals.

## DISCUSSION

Under former section 581a, subdivision (a), (repealed by Stats. 1984, ch. 1705, § 3, p. 6176) it was required that the summons on the complaint be served and return be made within three years of the commencement of the action. Section 583.210, effective in 1985, now prescribes the times for service and return of summons as follows: "(a) The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision an action is commenced at the time the complaint is filed. [¶] (b) Return of summons or other proof of service shall be made within 60 days after the time the summons and complaint must be served upon a defendant." However, section 583.220 provides that where a defendant makes a general appearance in an action "[t]he time within which *service* must be made pursuant to this article does not apply . . . ." (Italics added.) "Service" as used in the chapter which encompasses these statutory provisions is defined as including return of summons. (§ 583.110.) Section 583.250 mandates dismissal of an action where "service" is not made "within the time prescribed in this article."

■ Reading the provisions of the chapter together as we must (*Steketee* v. *Lintz, Williams & Rothberg* (1985) 38 Cal.3d 46, 52 [210 Cal.Rptr. 781, 694 P.2d 1153]), it is clear that the time limitation within which return of summons must be made is inapplicable when a defendant makes a general appearance within three years and sixty days of commencement of the action. When section 583.110's definition of "service" is read into section 583.220, it would appear as follows: "The time within which [*return of summons*] must be made pursuant to this article does not apply if the defendant . . . does [an] act that constitutes a general appearance in the action." The plain meaning of the statute is that the three-year-and-sixty-day time limit for return of summons is relieved by the defendant's general appearance during that time period.

Any other interpretation of these provisions would lead to an incongruous result. For example, if we were to read section 583.220 as applying strictly to service of a summons and complaint, an action would be dismissed for failure to make a timely return of summons even though a defendant generally appeared during the added 60-day time period, but no dismissal would be mandated where a defendant made a general appearance during the 3-year time period.

We have found no case analyzing the effect of a defendant's general appearance during the added 60-day time period for return of summons upon the mandatory dismissal provisions of section 583.250. However, when we consider the history and purpose behind the return of summons requirement, we are convinced that a general appearance during the period for return of summons eliminates the provision for mandatory dismissal. A return of summons is required to inform the court that the defendant has received jurisdictional notice. (*Kaiser Foundation Hospitals* v. *Superior Court* (1975) 49 Cal.App.3d 523, 525 [122 Cal.Rptr. 432]; 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 814, p. 801.) This purpose is fulfilled in a case such as this one where the defendant files its answer to the complaint. Under the former law, section 581a, subdivision (a) (see Stats. 1971, ch. 7, § 1, p. 9), a general appearance during the three-year time period for return of summons prevented dismissal. It is axiomatic that a general appearance during the extended three-year-and-sixty-day time period under section 583.210 would also prevent dismissal.

The case at bench is not one wherein the general appearance occurred after the time for service and return of summons. Here, respondents answered the complaint within the three-year-and-sixty-day time period under section 583.210.

The cases relied upon by respondents are inapposite legally and factually. In *Brookview Condominium Owners' Assn.* v. *Heltzer Enterprises-Brookview* (1990) 218 Cal.App.3d 502 [267 Cal.Rptr. 76], the plaintiff failed to serve the summons and complaint within the three-year time period allotted under section 583.210, subdivision (a). The defendant did not answer the complaint until four and one-half years after the filing of the action and the Court of Appeal found that defendant's conduct during the three-year time period for service did not constitute a general appearance triggering the provisions of section 583.220. The *Brookview* court ruled that a defendant is not deprived of its right to dismissal under section 583.220 where the defendant's general appearance occurs after the mandatory three-year time period. (218 Cal.App.3d at pp. 508-509.) Respondents interpret *Brookview* as requiring in our case that to deprive respondents of their right to a dismissal the general appearance must be during the three-year period for service of the summons

and complaint even though the conduct in question is the failure to return the summons within three years and sixty days.

Respondents' argument is unpersuasive. *Brookview* has no application to the instant case. In the first instance, *Brookview* did not involve the question of a timely return of summons but the timely service of the summons and complaint and whether respondents' conduct constituted a general appearance. There is no doubt in the case at bench that the filing of an answer is a general appearance. (§ 1014.) Moreover, the cases relied upon by the *Brookview* court for its holding that a general appearance must occur during the three-year period for service interpret former section 581a, which allowed only three years for both service and return of summons. (See *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 333 [216 Cal.Rptr. 718, 703 P.2d 58]; *Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 52 [115 Cal.Rptr. 241, 524 P.2d 369].) However, not to be deterred, respondents point to the assertion in *Brookview* that "[a]lthough *Busching* was decided under former section 581a, courts have consistently noted nothing in section 583.210 et seq. alters this result. [Citations.]" (*Brookview Condominium Owners' Assn.* v. *Heltzer Enterprises-Brookview, supra,* 218 Cal.App.3d at p. 509.) This pronouncement by the court has no applicability to our case. All the court is saying is that before and after the enactment of section 583.210 if service of summons is not made within three years, a general appearance after that time will not operate to deprive a defendant of his or her right to a dismissal. On the other hand, application of section 583.210 significantly affects the outcome in the case before us as respondents' general appearance was made during the three-year-and-sixty-day period which is now provided for in the statute. Respondents' general appearance during this time period made the provisions for mandatory dismissal under section 583.250 inapplicable.

Respondents' reliance upon *Watson* v. *Superior Court* (1972) 24 Cal.App.3d 53 [100 Cal.Rptr. 684], disapproved on other grounds in *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 722 [170 Cal.Rptr. 790, 621 P.2d 829], footnote 5, is similarly misplaced. In *Watson,* the plaintiff did not serve the summons and complaint upon the defendant until more than three years and ten months after commencement of the action. The defendant's motion to dismiss the action was denied. He then filed an answer to the complaint. The Court of Appeal issued a peremptory writ of mandate, directing the trial court to dismiss the action against the defendant. The court held that the defendant's filing of an answer after the three-year period had run under former section 581a did not constitute a general appearance precluding his right to a dismissal.

*Watson* has no application to the instant case. Unlike the plaintiff there, Wong's service of summons and complaint upon respondents was timely.

Respondents' answer, filed during the added 60-day time period for return of summons, constituted a timely general appearance precluding dismissal of the action. In our case we are not concerned with former section 581a's three-year time period for both service of summons on the complaint and return of summons.

The judgment of dismissal is reversed. Respondents shall bear appellant's costs on appeal.

White, P. J., and Chin, J., concurred.