[No. G015218. Fourth Dist., Div. Three. Dec. 7, 1995.]

CHARLOTTE BISS, Plaintiff and Appellant, v.
ROBERT J. BOHR et al., Defendants and Respondents.

1248

## COUNSEL

Thomas W. Gillen for Plaintiff and Appellant.

Baker, Silberberg & Keener, John C. Kelly, Carroll, Kelly & Trotter, Richard Carroll, Lewis, D'Amato, Brisbois & Bisgaard, Tuverson & Hillyard and Peter A. Herzog for Defendants and Respondents.

## OPINION

**WALLIN, J.**—Charlotte Biss appeals the order dismissing the case, contending the trial court erred: (1) by finding she had failed to make timely service on Robert J. Bohr and Daniel E. Kaplan; and (2) by refusing to consider her assertion of estoppel against John Mitchell's claim she failed to make timely service on him. We affirm in part and reverse in part.

Biss sued Bohr, Kaplan, and Mitchell for medical malpractice on June 15, 1990.[1] She served all three defendants on June 9, 1993, and filed the proofs of service September 13, 1993. In the interim Bohr and Kaplan filed their answer on July 16, 1993.[2] Mitchell brought a motion, in which Bohr and Kaplan joined, to dismiss the action for failure to file the proof of service in a timely manner. The trial court granted the motion and dismissed as to Bohr, Kaplan, and Mitchell.

I

The trial court based its action on Code of Civil Procedure section 583.250, which mandates dismissal when "service" is not timely made.[3] "Service" consists of serving the summons and complaint and effecting return of summons. (§ 583.110, subd. (f) ["Service" includes return of summons.]; *Wong* v. *Armstrong World Industries, Inc.* (1991) 232 Cal.App.3d 1032, 1034 [283 Cal.Rptr. 870].) Section 583.210 requires the summons and complaint to be served within three years of filing, and for return of summons within sixty days after the three-year period expires.[4] Section 583.220 provides an exception to these time requirements when the defendant makes a general appearance in the action.[5]

 Relying on *Wong* v. *Armstrong World Industries, Inc.*, *supra*, 232 Cal.App.3d 1032, Biss contends that exception applied when Bohr and Kaplan answered the complaint within three years and sixty days after the complaint was filed.[6] In *Wong,* the court held section 583.220 excused compliance with section 583.210 where the defendant was served within

---

[1]She also sued Brea Community Hospital, which is not a party to this appeal.

[2]The copy of the answer provided in the record on appeal does not show a file stamp, but the trial court represented the answer was filed on July 16, and no one disputed the date, then or now.

[3]All statutory references are to the Code of Civil Procedure. Section 583.250 provides in relevant part: "(a) If service is not made in an action within the time prescribed in this article: . . . [¶] (2) The action shall be dismissed by the court on its own motion or on motion of any person interested in the action . . . . [¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." The last sentence of the section refutes Biss's contention service requirements are merely directory.

[4]The section reads: "(a) The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision an action is commenced at the time the complaint is filed. [¶] (b) Return of summons or other proof of service shall be made within 60 days after the time the summons and complaint must be served upon a defendant."

[5]Section 583.220 reads in relevant part: "The time within which service must be made pursuant to this article does not apply if the defendant . . . does [an] act that constitutes a general appearance in the action."

[6]An answer constitutes a general appearance in the action. (§ 1014.)

three years after the complaint was filed, and the defendant answered within sixty days after the three-year period expired. The court concluded the plain language of the statutes and the purpose behind the requirement for return of summons supported the result. "When section 583.110's definition of 'service' is read into section 583.220, it would appear as follows: 'The time within which [*return of summons*] must be made pursuant to this article does not apply if the defendant . . . does [an] act that constitutes a general appearance in the action.' " (232 Cal.App.3d at p. 1034.)

The *Wong* court also noted its conclusion was supported by the purpose behind return of summons. "A return of summons is required to inform the court that the defendant has received jurisdictional notice. [Citations.] This purpose is fulfilled . . . where the defendant files its answer to the complaint. Under the former law, section 581a, subdivision (a) (see Stats. 1971, ch. 7, § 1, p. 9), a general appearance during the three-year time period for return of summons prevented dismissal. It is axiomatic that a general appearance during the extended three-year-and-sixty-day time period under section 583.210 would also prevent dismissal." (*Wong* v. *Armstrong World Industries, Inc.*, supra, 232 Cal.App.3d at p. 1035.)

Bohr and Kaplan rely on *Weatherby* v. *Van Diest* (1991) 233 Cal.App.3d 506 [284 Cal.Rptr. 622], which reached the contrary result on identical facts. In essence, the *Weatherby* court reasoned that allowing an answer within three years and sixty days to excuse the failure to return summons within that period enables a plaintiff to ignore the requirement that the summons and complaint must be served within three years under section 583.210, subdivision (a). (233 Cal.App.3d at pp. 509-511.)[7] With all due respect, the *Weatherby* court mixed apples with oranges, but for good reason. Under the prior law, serving the summons and complaint and return of summons both had to be made within three years. (Prior § 581a, subd. (a), Stats. 1971, ch. 7, § 1, p. 9.) When this provision was amended and became section 583.210 in 1984 (Stats. 1984, ch. 1705, § 5, p. 6177), the two steps of the process, "serving" and "return," were recognized as distinct actions,

---

[7]The court's most relevant pronouncements in this regard were: "Section 583.210, subdivision (a) states that the summons and complaint *shall* be served upon the defendant within three years after the action is commenced. We decline to assume that the Legislature, in the next subdivision, (b), would then intend that it did not really mean what it said in subdivision (a), and to intend instead to mean three years and sixty days." (233 Cal.App.3d at p. 509.) "In our view, it makes no sense, given the language of section 583.210, subdivision (a), requiring *service* within three years, to then say, by combining the language of section 583.110, subdivision (f) and section 583.210, subdivision (b), that *service* actually can be accomplished within three years and sixty days, with the result that a general appearance by defendant before the lapse of three years and sixty days lets plaintiff off the hook in terms of complying with the requirement of returning the summons within the period noted." (*Id.* at p. 511.)

were given different time periods for compliance, and, by virtue of section 583.110, subdivision (f), were identified by a single moniker, "service."

The *Weatherby* court mistakenly equated the term "served" used in section 583.210, subdivision (a) to describe what must be accomplished within three years, with "service," which includes return of summons under section 583.110, subdivision (f) and must be accomplished within three years, sixty days under section 583.210, subdivision (b).[8] Recognizing this distinction in the terms used, the statutes are easily harmonized. Because the summons and complaint must be "served" within three years, an answer will excuse the failure to do so only if it is filed within that period. (See *Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 52 [115 Cal.Rptr. 241, 524 P.2d 369]; *Brookview Condominium Owners' Assn.* v. *Heltzer Enterprises-Brookview* (1990) 218 Cal.App.3d 502, 508-509 [267 Cal.Rptr. 76].) Similarly, because the summons must be returned within three years, sixty days, an answer during that period likewise excuses compliance. This interpretation does no violence to the three-year limitation for serving the summons and complaint, but allows the "general appearance" exception to apply to the return of summons.[9]

Bohr and Kaplan answered within three years, sixty days. Under section 583.220, they are not entitled to a dismissal because the summons was not returned within that time.

## II

Biss concedes Mitchell did not answer within three years, sixty days, but argues the trial court improperly dismissed as to Mitchell without considering her estoppel argument. She raised the doctrine of equitable estoppel in her moving papers and it applies in cases involving dismissal for delay in service. (§ 583.140 [nothing in the chapter on dismissal or delay in prosecution affects waiver and estoppel principles]; see generally, *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 437-438 [96 Cal.Rptr. 571, 487 P.2d 1211]; and see *Tires Unlimited* v. *Superior Court* (1986) 180 Cal.App.3d 974, 983 [226 Cal.Rptr. 25] [acknowledging doctrine applies to return of summons]; *Woodruff* v. *McDonald's Restaurants* (1977) 75 Cal.App.3d 655, 658, fn. 2 [142 Cal.Rptr. 367] [same].)

[8] As noted, the court's mistake is understandable; the terms are very similar. The court mixed apples with oranges because the Legislature use a word that sounded much like "apples" to describe oranges.

[9] *Weatherby* had the practical effect of doing away with any exception in the latter case, even though *failing to serve within the three-year period is certainly a more egregious procedural faux pas than failing to return the summons when service has been made in a timely manner.*

In ruling on the motion, the trial court commented: "I know there's a major dispute as to whether or not there was a communication between the counsel, counsel's office, concerning the filing of an answer or whatever the situation was. . . . It seems to me [the] rule is pretty simple. If the defendant does not make a general appearance within the three years of filing of the complaint, . . . then the proof of service must be timely filed unless there's some estoppel or waiver or something else. But the mere [—] assuming, hypothetically—and I know it's a contested fact—but assuming hypothetically that there was a request to allow some timely filed answer, there's nothing in that request that seems to indicate that there was any relief of the obligation to file timely proof of service."

Biss reasons that because the trial court referred to the time for the general appearance as three years instead of three years, sixty days, the court only considered the estoppel issue "hypothetically" and did not rule on it. Mitchell argues the trial court assumed hypothetically that Biss's allegations underlying the estoppel theory were correct and ruled against Biss. The court's statements were ambiguous and might be taken either way.

But if the court failed to rule on the issue, it was harmless as a matter of law. (*People* v. *Allen* (1986) 42 Cal.3d 1222, 1260, fn. 18 [232 Cal.Rptr. 849, 729 P.2d 115] [trial court's failure to rule on motion not prejudicial as motion had no merit]; *People* v. *Lang* (1989) 49 Cal.3d 991, 1011 [264 Cal.Rptr. 386, 782 P.2d 627] [trial court's failure to exercise discretion harmless]; *Jenkins* v. *County of Orange* (1989) 212 Cal.App.3d 278, 285, fn. 4 [260 Cal.Rptr. 645] [ruling which is correct on any theory will not be overturned merely because trial court applied wrong theory].) ▆ Under the doctrine of estoppel, " 'a person may not lull another into a false sense of security by conduct causing the latter to forebear to do something which he otherwise would have done and then take advantage of the inaction caused by his own conduct.' [Citations.]" (*Tresway Aero, Inc.* v. *Superior Court, supra,* 5 Cal.3d at pp. 437-438.) To establish estoppel, the plaintiff must show: " '(1) The party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must [reasonably] rely upon the conduct to his injury . . . .' " (*Evans* v. *City of Los Angeles* (1983) 145 Cal.App.3d 142, 148 [193 Cal.Rptr. 282]; *Tejada* v. *Blas* (1987) 196 Cal.App.3d 1335, 1341 [242 Cal.Rptr. 538] [reliance must be reasonable].)

▆ By Biss's allegations, Mitchell did nothing that would reasonably cause Biss to believe it was unnecessary to make a return of summons. The

declaration in support of Biss's opposition asserted Mitchell's attorneys asked for "an extension."[10] A 15-day extension was granted to August 12, 1993, still within 3 years, 60 days after the complaint was filed. Nothing was received on August 12, and several unanswered telephone calls to Mitchell's attorneys ensued. Sometime in September an attorney for Mitchell called to say Mitchell had not been served, and he requested copies of relevant documents. No one ever called to say an answer would not be filed within the 15-day "courtesy" period.

Assuming these allegations were correct, Biss could not prevail. Notwithstanding any reliance that was engendered when Mitchell's attorneys asked for an extension, that reliance, or its reasonableness, evaporated on August 12 when it was not forthcoming as represented. On August 12 Biss had time to timely file the return of summons but failed to do so. That failure is not attributable to any conduct by Mitchell's attorneys. (See *Wilcox* v. *Ford* (1988) 206 Cal.App.3d 1170, 1180 [254 Cal.Rptr. 138] [plaintiff could not claim to have been lulled into a false sense of security by defendant's failure to give notice of a continuance; plaintiff should have inquired]; *Tires Unlimited* v. *Superior Court, supra,* 180 Cal.App.3d at p. 983 [defendant's request for and acceptance of extension of time did not induce plaintiff not to timely return summons within the statutory period]; *Woodruff* v. *McDonald's Restaurants, supra,* 75 Cal.App.3d at p. 658, fn. 2 [attorney's failure to file return of service not reasonably caused by defendant's stipulation extending time]; *Owen* v. *Niagara Machine & Tool Works* (1977) 68 Cal.App.3d 566, 569 [137 Cal.Rptr. 378] [defendant's agreement to "plead" did not reasonably induce plaintiff to believe it would waive timely service issue].)

The judgment as to Bohr and Kaplan is reversed with directions to deny their motion to dismiss the complaint, and the superior court may award costs on appeal to the party ultimately prevailing in the action. The judgment is affirmed as to Mitchell, and Mitchell is entitled to his costs on appeal from Biss. The motions by Bohr, Kaplan, and Mitchell for sanctions under California Rules of Court, rule 26 are denied.

Sonenshine, Acting P. J., and Crosby, J., concurred.

---

[10] The declaration does not expressly state the extension was to answer the complaint, but it would not alter the analysis if it were.