Filed 3/30/15  Atashkar v. Cal. Horse Racing Board CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| MORTEZA ATASHKAR, | C074852 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2008-00024426-CL-OE-GDS) |
| v. | |
| CALIFORNIA HORSE RACING BOARD, et al., | |
| Defendants and Respondents. | |

Plaintiff Morteza Atashkar appeals from an order dismissing his action against defendant California Horse Racing Board (CHRB) for failure to bring the action to trial within five years of commencing the action as required by Code of Civil Procedure section 583.310.[1]  Contrary to Atashkar's contentions, we find no error in the trial court's dismissal of the action as to defendant CHRB because no statutory exception applies and Atashkar has not shown that equitable estoppel applies.  However, because we conclude

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

the five-year limitations period has not expired as to defendants Ingrid Fermin, Richard Bon-Smith and Fred Williams (collectively, individual defendants), we reverse the judgment of dismissal as to those defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 23, 2008, Atashkar erroneously filed a claim in the small claims division of the Sacramento County Superior Court against CHRB alleging he was owed $5,996 in waiting time penalties because he was not timely paid his final wages. Because the matter was an appeal from an order of the labor commissioner denying Atashkar's wage and hour claim, the court transferred his case to the civil division of the superior court on July 2, 2008. The small claims documents were received in that division on October 13, 2008 and case No. 34-2008-00244426 was assigned.

On December 5, 2011, Atashkar filed an amended complaint seeking damages and alleging constructive termination and wage and hour claims against CHRB. That complaint indicates a department assignment of 39. CHRB demurred to the amended complaint on February 15, 2012. On July 17, 2012, the trial court struck the amended complaint on its own motion, dropped CHRB's demurrer from calendar, ruled that Atashkar's claims were limited to those presented to the labor commissioner, and ordered the matter transferred to department 47 of the civil division, which uniquely hears appeals of rulings by the labor commissioner.

On August 20, 2012, CHRB filed an ex parte application for an order shortening time to hear its motion to continue trial from the then scheduled trial date of September 7, 2012, because a material witness would be unavailable. Atashkar consented to continue trial to September 21, 2012, and the trial court granted the continuance per the parties' stipulation.

2

On September 21, 2012, the matter was assigned to department 30 for trial. The same day, pursuant to a stipulation between the parties, the court ordered that Atashkar would have until October 12, 2012, to file a new complaint; CHRB would have until November 2, 2012, to file a demurrer; the demurrer would be heard on December 7, 2012; and, pending the court's ruling on the demurrer, the parties would engage in a settlement conference or set a trial date. The parties thereafter agreed, in four separate stipulations, to extend the dates to file a first amended complaint, a demurrer or an answer, and, if needed, to reschedule the hearing on CHRB's demurrer. Their final stipulation extended the respective pleading dates to January 25, 2013, and February 25, 2013.

On February 20, 2013, Atashkar filed his first amended complaint alleging failure to pay overtime wages; failure to reimburse business expenses and waiting time penalties; defamation; retaliation; and violations of federal and state due process, the federal search and seizure clause, state privacy rights, and section 1983 of title 42 of the United States Code. This first amended complaint named not only CHRB but also Fermin, Bon-Smith, and Williams as defendants in their individual and official capacities.

On April 26, 2013, CHRB moved to dismiss the action pursuant to section 583.360, arguing the action had been filed on April 23, 2008, and had since languished without Atashkar "taking any action to move it towards trial." CHRB simultaneously demurred and moved to strike the first amended complaint on the grounds that it "seeks to improperly add new defendants." Atashkar opposed CHRB's motion to dismiss, claiming he was reasonably diligent in prosecuting his action, but that it was impossible and impracticable for him to bring the matter to trial within the five-year limitations period because the case had been misrouted by the court, the parties had not been notified with a new hearing date or time, CHRB had acquiesced to a later filing date, and Atashkar made "continual efforts to determine the status of the case."

3

After oral argument, the trial court affirmed its tentative decision granting CHRB's motion to dismiss Atashkar's action in its entirety. The court found Atashkar had not been reasonably diligent in prosecuting his action and rejected his assertion that the trial court's error in transferring his action among the civil departments rendered it "impossible, impracticable, or futile" for him to bring his action to trial within five years. (§ 583.340, subd. (c).) Rather, the court noted it was Atashkar's burden to prosecute his action, monitor his case, and bring the trial deadline to the court's attention and that, while there may have been some confusion about the case status, Atashkar had not taken any action to clarify that confusion or to bring the case to trial, such as "bringing a motion to set the case for trial, a case management conference, or to have the case transferred to the correct department." Nor did Atashkar conduct any discovery in the action, and he was not ready to proceed to trial when it was scheduled to begin in September 2012. Moreover, the court found CHRB did not waive or implicitly stipulate to extend the five-year deadline by its inclusion of an "action filed" date on its pleadings that was based on Atashkar's amended complaint rather than the original. In light of its ruling on CHRB's motion to dismiss, the court dropped CHRB's demurrer and motion to strike as moot.[2] The court entered a judgment of dismissal of the entire action on August 7, 2013.

## DISCUSSION

Atashkar contends the court dismissed his action in error because (1) the court lacked jurisdiction over his claim while it was not assigned to the proper division so the

---

[2] Fermin and Williams both joined in CHRB's demurrer contending they were not properly added as defendants, and that Atashkar had failed to state a cause of action against them, failed to comply with the statute of limitations, and failed to exhaust his administrative remedies. They both appeared at the simultaneous hearing on the motion to dismiss, demurrer, and motion to strike. Bon-Smith had not yet been served with a summons.

4

trial limitations period should be extended by three years; (2) it was "impossible, impracticable, or futile" for him to bring the action to trial within three years despite his reasonable diligence in prosecuting the action because the trial court misdirected the matter upon the transfer from the small claims division, misled him to believe the matter was not yet "mature," and failed to calendar a trial within the five-year period; (3) the parties stipulated to extend the trial date beyond the trial limitations period; (4) CHRB misled him to believe it had acquiesced to a later starting date for the calculation of the trial limitations period and should be equitably estopped from seeking dismissal on that basis; and (5) even if it was proper to dismiss the action as to CHRB, because the individual defendants were not named until the first amended complaint (February 20, 2013), the five-year period as to them had not run.

We conclude (1) the Sacramento County Superior Court at all times had jurisdiction over this matter, regardless of the department or division it was assigned to; (2) Atashkar was not reasonably diligent in prosecuting his claim and is not entitled to any extension based on impossibility, impracticability, or futility; (3) there is no evidence the parties stipulated to extend the trial date beyond the five-year statutory period; and (4) CHRB's inclusion of an erroneous date on its pleadings as the "action filed" date does not preclude it from seeking dismissal of the action pursuant to section 583.360. Therefore, we affirm the judgment of dismissal as to defendant CHRB. However, we also conclude (5) that because the five-year limitations period commences when a complaint is filed against a defendant, it was error for the trial court to dismiss the action as to the individual defendants.

## I. Statutory Extensions, Excuses, and Exceptions

Section 583.310 provides that an "action shall be brought to trial within five years after the action is commenced against the defendant." " ' "[T]he purpose of the [five-year] statute is 'to prevent *avoidable* delay for too long a period.' " ' " (*Tamburina v.*

5

*Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 328 (*Tamburina*).) Thus, if the plaintiff fails to meet this five-year deadline, dismissal is mandatory and is "not subject to extension, excuse, or exception except as expressly provided by statute." (§ 583.360, subd. (b).) However, the five-year period is tolled while (a) the jurisdiction of the court is suspended, (b) the action has been stayed or enjoined, or (c) bringing the action to trial is impossible, impracticable, or futile. (§ 583.340.) And the period may be extended by the parties' written stipulation or oral agreement on the record in open court. (§ 583.330.)

Here, Atashkar contends the period should be tolled because the court lacked jurisdiction while the matter waited to be transferred to the correct department of the superior court and that same delay rendered it impossible, impracticable, or futile for him to bring the action to trial during the statutory period. He also contends the parties stipulated to extend the period. We disagree with all these contentions.

## A. *Jurisdiction*

Atashkar claims the trial court should have tolled the trial limitations period, pursuant to section 583.340, subdivision (a), because it lacked subject matter jurisdiction over the instant action from the time the matter was transferred from the small claims division in July 2008 until it was transferred to the department dedicated to hearing de novo appeals of labor commissioner orders, decisions, and awards in July 2012. This claim relies on the fallacious theory that each department of the superior court has separate jurisdiction. Rather, there is but one superior court of each county, and a transfer among the divisions and departments of that court does not impact the court's jurisdiction to hear the matter. (See *People v. Dependable Ins. Co.* (1988) 204 Cal.App.3d 871, 874; see also § 116.210 [small claims is a division of the superior court]; *Giorgianni v. Crowley* (2011) 197 Cal.App.4th 1462, 1483 ["irrespective of the filing of [the plaintiff's] complaint in the small claims division of the superior court, it is

the superior court that had original jurisdiction over the case" and " '[r]eclassification does *not* affect the court's jurisdiction or any prior proceedings in the action' "].) Atashkar has cited no legal authority to the contrary. Therefore, we find no cause to toll the five-year period based on any suspension of the court's jurisdiction pursuant to section 583.340, subdivision (a).

### B. *Impossibility, Impracticability, or Futility*

Atashkar contends that, despite his reasonable diligence, it was impossible or impracticable for him to bring his case to trial within the five-year time limit because the trial court clerk misdirected the transfer of his case from small claims such that it was not assigned to the correct department for more than three years, and because the court failed to set the case for trial within the five-year period as was its statutory duty. We conclude Atashkar has failed to demonstrate both his reasonable diligence in moving the case to trial and any unavoidable circumstance of impracticability or impossibility; therefore, he is not entitled to tolling under section 583.340, subdivision (c).

A plaintiff seeking to invoke the tolling provision of section 583.340, subdivision (c) for impossibility or impracticability bears the burden of showing "(1) a circumstance of impracticability; (2) a causal connection between that circumstance and the plaintiff's failure to move the case to trial; and (3) that the plaintiff was reasonably diligent in moving the case to trial." (*De Santiago v. D & G Plumbing, Inc.* (2007) 155 Cal.App.4th 365, 372, citing *Tamburina*, *supra*, 147 Cal.App.4th at pp. 328-329, 333, 336.) Indeed, the plaintiff must show he has "exercise[d] reasonable diligence at all stages of the proceedings" and the level of diligence required increases as the five-year deadline approaches. (*Tamburina*, *supra*, 147 Cal.App.4th at pp. 333-334.) Whether the impossibility exception applies involves a fact-specific inquiry and depends "on the obstacles faced by the plaintiff in prosecuting the action and the plaintiff's exercise of reasonable diligence in overcoming those obstacles." (*Howard v. Thrifty Drug &*

7

*Discount Stores* (1995) 10 Cal.4th 424, 438.) We do not disturb the trial court's decision regarding the applicability of the impossibility exception absent an abuse of discretion. (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 590-591.)

The exercise of reasonable diligence includes a duty "to monitor the case in the trial court to ascertain whether any filing, scheduling or calendaring errors have occurred. [Citation.] This is particularly true where the circumstances are such that a party should reasonably conclude that the court has in fact made some calendaring error. [Citation.] In that event, the burden must fall upon the plaintiff to act with special diligence to ensure that the case is set for trial in a timely manner." (*Wilshire Bundy Corp. v. Auerbach* (1991) 228 Cal.App.3d 1280, 1287 (*Wilshire*).) Indeed, "[b]ecause the correction of court calendaring errors are matters easily discoverable by the diligent plaintiff, the courts have refused to recognize such a circumstance as a basis for concluding that it was either 'impossible' or 'impracticable' to bring a case to trial." (*Id.* at p. 1288; see *Mesler v. Bragg Management Co.* (1990) 219 Cal.App.3d 983, 994-995 [though not condoning errors of court personnel, holding that "those errors which are readily ascertainable by the exercise of due diligence by the litigants will not serve to excuse the litigants from sufficiently monitoring their case in the trial court"].)

In *Wilshire*, *supra*, 228 Cal.App.3d 1280, the plaintiffs appealed the dismissal of their action contending 315 days should have been excluded from the five-year period because the case had been improperly removed from the civil active list by the court clerk for that length of time. (*Id.* at p. 1286.) The court rejected that contention, holding that "[t]he diligent plaintiff has no need for a tolling period. An available remedy is at hand to correct calendaring or other errors made by the court or its clerk in the scheduling of a case. Upon timely discovery of the problem, a motion to specially set may be made and the court is bound to grant it. [Citations.] In short, this is a matter that is within the reasonable control of the diligent plaintiff and is thus avoidable." (*Id.* at p. 1289.) To

8

hold otherwise would undermine the rule requiring the plaintiff to diligently monitor his case. (*Ibid.*)

Here, Atashkar erroneously filed his action in the small claims division of the superior court in April 2008. In July 2008, after the scheduled first hearing on that matter, the case was transferred to the civil division, where it was misdirected to an incorrect civil division department due to confusion on the part of the court clerk. For the next three years, Atashkar checked the court Web site and called the clerk of the court to ascertain the status of his case but he took no action to pursue his claim, i.e., moving for any sort of relief from the court or seeking any discovery from any other party. That the clerk of the court misdirected the case following the transfer from the small claims division is the same class of error as that described in *Wilshire*, and it could easily have been corrected by Atashkar had he been reasonably diligent in monitoring and prosecuting his action. Moreover, the case was set for trial in September 2012, several months before the expiration of the five-year time limitation, but plaintiff was not prepared to proceed to trial at that time, sought and obtained a continuance, and failed to bring it to trial in the ensuing half a year before the statutory period expired in April 2013. Therefore, we see no causal connection between the court clerk's calendaring error and plaintiff's failure to bring the case to trial within the statutory period.

Also, though we acknowledge the trial court generally has a responsibility to "[a]ctively monitor, supervise and control" the pace and movement of cases before it (Gov. Code, § 68607, subd. (a)), we reject Atashkar's contention that the trial court had a sua sponte duty to calendar the case for trial within five years. First, as noted above, the trial court did calendar the case for trial during the five-year time period, but the parties agreed to continue the trial date. Atashkar failed thereafter to set the case for trial, as he was obliged to do. (See *Baccus v. Superior Court* (1989) 207 Cal.App.3d 1526, 1532 ["Reasonable diligence places on a plaintiff the affirmative duty to make every

9

reasonable effort to bring a case to trial within five years"]; see also *Oberkotter v. Spreckels* (1923) 64 Cal.App.470, 473 ["The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so"].) Moreover, the case relied upon by Atashkar to support his contention, *Moran v. Superior Court* (1983) 35 Cal.3d 229, is inapposite in that it involves a specific statutory scheme codified at section 1141.20, subdivision (b) that requires a trial court to calendar a trial de novo following an arbitration award, which is not relevant here.

## C. *Stipulation to Extend Trial Date*

Atashkar also contends the parties agreed to extend the trial date by five months during their settlement negotiations. He misinterprets the record. "To serve as an extension of the five-year period, 'the stipulation must be written and extend in express terms the time of trial to a date beyond the five-year period or expressly waive the right to a dismissal." (*Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1269, fn. 3.) Here, the communications between the parties during settlement negotiations reflect extensions of the deadline to file a first amended complaint and a demurrer or other responsive pleading to that complaint. These communications are insufficient to extend the time to bring the case to trial. (*Westphal v. Westphal* (1943) 61 Cal.App.2d 544, 547 [a stipulation extending a defendant's time to answer is not a stipulation to extend the trial deadline]; accord, *J. C. Penney Co. v. Superior Court* (1959) 52 Cal.2d 666, 670.) There is no evidence in the record of any agreement between the parties to extend the trial date. Therefore, Atashkar is not entitled to an extension of the trial date pursuant to section 583.330.

10

## II. Equitable Estoppel

Atashkar contends that by including an "action filed" date of December 7, 2011, on its pleadings, CHRB acquiesced to that date and lulled him into a false sense of security about the five-year deadline, such that it should be equitably estopped from seeking dismissal of the action based on Atashkar's failure to comply with the five-year statutory period. To the extent this contention may be raised for the first time on appeal (*Windsor Pacific LLC v. Samwood Co., Inc.* (2013) 213 Cal.App.4th 263, 272, fn. 3), we disagree with it.

"The doctrine of equitable estoppel is applicable to section 583.310 dismissal motions. [Citations.] If a trial court finds statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception." (*Tejada v. Blas* (1987) 196 Cal.App.3d 1335, 1341.) "To establish estoppel, the plaintiff must show: ' "(1) The party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must [reasonably] rely upon the conduct to his injury . . . ." ' " (*Biss v. Bohr* (1995) 40 Cal.App.4th 1246, 1252.)

Here, there is no indication Atashkar was "ignorant of the true state of facts" in that he is the party who filed the initial complaint. Indeed, throughout the course of litigation, Atashkar frequently acknowledged he filed his action on April 23, 2008.

Moreover, there is no evidence that by erroneously listing the date the action was filed as December 7, 2011, on its pleadings, CHRB intended Atashkar to rely on that date in calculating the trial limitations period. Indeed, in many of its pleadings bearing this erroneous date on the cover, CHRB referred to the correct filing date in the text of the pleading itself. It even reverted to including the erroneous date on the cover page of the

11

"Order After Hearing and Judgment of Dismissal" it submitted to the court for signature and on its notice of entry of that order. Though we encourage counsel for CHRB to exercise greater care in reviewing its pleadings for accuracy, we cannot find it was reasonable for Atashkar to rely on this error in believing the initiation of the trial limitations period had altered either pursuant to an agreement between the parties or otherwise. Accordingly, we conclude equitable estoppel does not apply to prevent CHRB from seeking dismissal of the action based on Atashkar's failure to bring the case to trial during the statutory trial limitations period.

### III. Individual Defendants

Atashkar contends that even if dismissal was proper as to defendant CHRB, it was not appropriate as to the individual defendants because they were not named as defendants until February 21, 2013.[3] We agree; therefore, we reverse the judgment of dismissal as to the individual defendants.

Former section 583 had been interpreted consistently to mean that the five-year period commenced on the filing of the *original* complaint, regardless of any new cause of action or party being added in an amended complaint. (*Gray v. Firthe* (1987) 194 Cal.App.3d 202, 207.) However, in *Gray*, we interpreted section 583.310 to reflect an intended change in the law by the Legislature such that the commencement of the limitations period began not with the filing of the original complaint but with the commencement of an action against any given defendant. (*Gray*, at pp. 208-209.) Thus, "[a]s to a defendant either expressly named in the original complaint, or named in the

---

[3] CHRB contends dismissal was proper as to the individual defendants because they were not properly joined as parties. The individual defendants may not have been properly joined, but the trial court did not make that finding in granting CHRB's motion to dismiss and it did not rule on CHRB's demurrer or motion to strike which raised that issue. Therefore, that issue is not properly before us.

original complaint by a fictitious name, the action commences on the date of the filing of the complaint. [Citation.] But when a new party is added to the action, the action commences as to that party on the date of the order adding him or her as a party or on the date of filing of the pleading naming him or her as a new party." (*Id.* at p. 209.)

Here, the individual defendants were not named either expressly or as "Does" in the original or amended complaint. Indeed, they were not named until Atashkar's first amended complaint, which was filed on February 21, 2013. Thus, the statutory period to bring the action to trial as to those individual defendants had not expired when the trial court granted CHRB's motion to dismiss the action. Accordingly, it was error for the trial court to dismiss the action as to these individual defendants.

## DISPOSITION

The judgment of dismissal is affirmed as to defendant CHRB. The judgment of dismissal is reversed as to defendants Fermin, Bon-Smith, and Williams. Each party shall bear its own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


                                              BUTZ            , J.



We concur:



      BLEASE          , Acting P. J.



      HULL            , J.



13